## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

TIANA HILL,                                )
individually and as                        )
MOTHER and next friend of                  )
baby D.H. her minor child                  )
                                           )
                                           )          Civil Action File No._____
Plaintiffs,                                )
                                           )
v.                                         )
                                           )
CLAYTON COUNTY GEORGIA,                    )
CLAYTON COUNTY BOARD OF                    )
COMMISSIONERS,                             )
CLAYTON COUNTY SHERIFF                     )
VICTOR HILL in his official and            )
individual capacities,                     )
CORRECTHEALTH                              )
CLAYTON LLC,                               )
DR. CHARLES CLOPTON in his                 )
official and individual capacities,        )
JOHN DOES in their official and            )
individual capacities                      )
                                           )
Defendants.                                )
_____)

## **COMPLAINT**

Ms. Tiana Hill was an inmate in Clayton County Jail from September 2019 to February 2020. On September 19, 2019, during her jail intake it was noted that she was pregnant. On numerous occasions during her stay in jail Ms. Hill asked for medical attention for her and her unborn child.

1

Although Ms. Hill repeatedly requested prenatal care, she received no medical attention for her pregnancy from the jail.

On December 29, 2019 Ms. Hill went into labor. At 23:12 she was admitted into the jail infirmary. Ms. Hill pleaded with the jail to be sent to a hospital. She was not sent to any medical facility. The jail suspected Ms. Hill had a miscarriage. She was kept in the jail infirmary.

On December 30, 2019 at 12:32, 13 hours after being admitted into the jail infirmary, Ms. Hill gave birth in her panties to baby D.H. Thereafter Ms. Hill and baby D.H. were transferred to the hospital.

Baby D.H. died on January 3, 2020.

This is an action for damages brought pursuant to 42 U.S.C. § § 1983 and 1988 and the Fourth, Eighth, and Fourteenth Amendments to the United States Constitution as well as the Georgia Constitution and Georgia law against:

(1) The jailers and jail administrators, and agents who denied and refused to provide Ms. Hill and her baby D.H. prenatal and medical care there causing physical pain, emotional distress, and the death of baby D.H. (Section 1983 deliberate indifference and individual and direct liability);

(2) The Sheriff supervising the jail which deprived Ms. Hill and baby D.H. of prenatal and medical attention (Section 1983 deliberate indifference, individual supervisory liability);

2

(3) Clayton County and the Clayton County Sheriff for the policies which caused Ms. Hill and baby D.H. unconscionable suffering and ultimate death (Section 1983 Monell v. Department of Soc. Svcs., 436 U.S. 658 (1978); and

(4) The jailers and jail infirmary who ignored their ministerial duties under state law to provide medical care to baby D.H. and Ms. Hill (negligent performance of a ministerial duty under Georgia law, individual liability).

(5) Clayton County Sheriff and Correct Health ignored the medical needs of Tiana Hill and baby D.H..

(6.) Dr. Charles Clopton for ignoring and refusing to address the critical medical needs of Ms. Hill and baby D.H..

## Parties, Jurisdiction, and Venue

1.  Plaintiff Tiana Hill, individually, is a natural person and citizen of the United States of America, residing in Georgia, and is of full age entitled to pursue claims for recovery on her own behalf.

2.  Plaintiff Tiana Hill, mother of minor child baby D.H., Ms. Hill holds statutory rights under O.C.G.A. § 51-4-4. Thus Ms. Tiana Hill is the proper party to prosecute estate claims and to pursue a wrongful death action regarding baby D.H.

3.  Defendant Clayton County, Georgia, is a county organized and existing under the laws of the State of Georgia. The County may be served by service on the

Chairman of Clayton County Board of Commissioners, Jeffery E. Turner Clayton County Administration, Annex 1, 112 Smith Street, Jonesboro, GA 30236.

4. Defendant Clayton County Sheriff Victor Hill is the Sheriff of Clayton County, Georgia, sued in his official and individual capacities. Defendant Hill may be served at the Clayton County Sheriff's Office 9157 Tara Boulevard, Jonesboro, Georgia 30326.

5. Defendant Clayton County Board of Commissioners is a county organized board existing under the laws of the State of Georgia. The County Board may be served by service on the Chairman of Clayton County Board of Commissioners, Jeffery E. Turner Clayton County Administration, Annex 1, 112 Smith Street, Jonesboro, GA 30236.

6. Defendant CorrectHealth Clayton LLC, a Georgia Corporation, who was at all times relevant to the allegations in this complaint acting as agent of Clayton County Sheriff may be served at 1720 Windward Concourse Ste 300, Alpharetta, GA, 30005, USA.

7. Defendant Dr. Charles Clopton, sued in his official and individual capacities, who was at all times relevant to the allegations in this complaint acting as agent of Clayton County Sheriff may be served at Clayton County Sheriff's

Office 9157 Tara Boulevard, Jonesboro, Georgia 30326 acting under the color

or law

8.   This action is brought pursuant to 42 U.S.C. § § 1983 and 1988 and the Fourth,

Eighth, and Fourteenth Amendments to the United States Constitution, as well

as the Georgia Constitution and Georgia law.

9.   All of the parties herein are subject to the personal jurisdiction of this Court.

10.  Subject matter jurisdiction is proper based on 28 U.S.C. §§ 1331 and 1343

because Plaintiff is seeking relief under 42 U.S.C. § 1983 for violations of

Fourteenth Amendment rights. The Court has supplemental jurisdiction over

Plaintiff's state law claims which arise from the same transactions and

occurrences. See 28 U.S.C. § 1367.

11.  Venue is proper pursuant to 28 U.S.C. § 1391(b) because all Defendants reside

in the state of Georgia and a substantial part of the events or omissions giving

rise to the claim occurred in Clayton County, which is within the Atlanta

Division of the Middle District of Georgia.

## FACTS

12.   The denial of medical care by the Defendants caused the suffering and death

of baby D.H. and inflicted suffering and severe emotional distress upon Tiana

Hill.

13. On or about September 12, 2019, Ms. Hill was detained and incarcerated in Clayton County jail.

14. At the time of Ms. Hill's detention, she informed the detaining authorities that she was pregnant. This information is noted on her intake documents.

15. While incarcerated Ms. Hill's health began to decline. Ms. Hill repeatedly requested medical attention for her unborn child and for herself from the Clayton County Jail staff and medical staff.

16. Ms. Hill was not provided any medical care for her declining health and was not afforded any prenatal care for her unborn child baby D.H.

17. On December 29, 2019, Ms. Hill was in labor in her jail cell. Although she told the jail staff that she was in labor she was not immediately taken to the jail infirmary.

18. After some time, Ms. Hill was taken to the jail infirmary.

19. Although Ms. Hill was experiencing severe labor pains she was left in a room in the infirmary and repeatedly told she was having a miscarriage.

20. On December 29, 2019, at 11:12 P.M. Ms. Hill was admitted to the jail medical infirmary.

21. On December 29, 2019, at 11:27 P.M. the jail infirmary confirmed Ms. Hill was pregnant.

22. Ms. Hill was forced to lay in a blood saturated pad, in childbirth labor, crying asking to be sent to the hospital. She was not sent to the hospital.

23. On December 30, 2019, at 12:32 P.M., after being in the Clayton County Jail infirmary for over 12 hours, Ms. Tiana Hill gave birth to baby D.H. in her panties, in the jail infirmary.

24. After the birth of baby D.H. he and Tiana Hill were transported to Southern Regional Hospital.

25. On January 3, 2020, as a direct result of the Defendants and their duly authorized agent's deliberate indifference, baby D.H. tragically died which is the same day as his mother Tiana Hill's birthday.

26. As a result of this tragically horrendous incident Ms. Tiana Hill has claims for bodily injury, pain and suffering, and intentional infliction of emotional distress in the amount of $5,000,000.00.

27. For the loss of life of the baby D.H., his claim for loss of life is $20,000,000.00.

28. Specifically, Ms. Tiana Hill on behalf of her son baby D.H. state to their knowledge and belief that:

   (A) The offending Clayton County Georgia, Clayton County Board of Commissioners, Clayton County Sheriff Victor Hill in his official and individual capacities, CorrectHealth Clayton LLC, Dr. Charles

Clopton in his official and individual capacities, John Does in their official and individual capacities entities are Clayton County, who by their acts and failure to act caused the wrongful death of baby D.H. and the traumatic physical and emotional distress to Tiana Hill.

(B) The acts occurred during all hours between September 12, 2019, and April 2020.

(C) The acts occurred at Clayton County Jail.

(D) The nature of the losses are wrongful death, intentional infliction of emotional distress, physical duress, traumatic distress, severe mental distress, and emotional distress.

(E) The amount of loss for Tiana Hill is $5,000,000.00 and for baby D.H. $20,000,000.00.

(F) The acts which caused the loss are the denial of medical care in violation of 42 USCA § 1983, the 8th Amendment of the United States Constitution, and Article I of the Georgia Constitution, libel, and slander.

## Count I
## Constitutional Violations

29. The preceding paragraphs are incorporated herein by reference as though fully set forth.

30. Clayton County Georgia, Clayton County Board of Commissioners, Clayton County Sheriff Victor Hill in his official and individual capacities, CorrectHealth Clayton County LLC, Dr. Charles Clopton in his official and individual capacities, John Does in their official and individual capacities collectively and individually through actions and policies deprived the civil rights of Tiana Hill and baby D.H. in violation of 42 US Code § 1983.

31. Clayton County Georgia, Clayton County Board of Commissioners, Clayton County Sheriff Victor Hill in his official and individual capacities, CorrectHealth Clayton County LLC, Dr. Charles Clopton in his official and individual capacities, John Does in their official and individual capacities collectively and individually through actions and policies deprived the civil rights of Tiana Hill and baby D.H. in violation of their 4th Amendment protection against unreasonable seizures.

32. Clayton County Georgia, Clayton County Board of Commissioners, Clayton County Sheriff Victor Hill in his official and individual capacities, CorrectHealth Clayton County LLC, Dr. Charles Clopton in his official and individual capacities, John Does in their official and individual capacities collectively and individually through actions and policies deprived the civil rights of Tiana Hill and baby D.H. in violation of their 8th Amendment protection against cruel and unusual punishment.

33.   Clayton County Georgia, Clayton County Board of Commissioners, Clayton County Sheriff Victor Hill in his official and individual capacities, CorrectHealth Clayton County LLC, Dr. Charles Clopton in his official and individual capacities, John Does in their official and individual capacities collectively and individually through actions and policies deprived the civil rights of Tiana Hill and baby D.H. in violation of their 14th Amendment protection against deprivation of life and liberty.

**Count II**
**Wrongful Death**

34.   The preceding paragraphs are incorporated herein by reference as though fully set forth.

35.   Clayton County Georgia, Clayton County Board of Commissioners, Clayton County Sheriff Victor Hill in his official and individual capacities, CorrectHealth Clayton County LLC, Dr. Charles Clopton in his official and individual capacities, John Does in their official and individual capacities collectively and individually through actions and policies caused the pain suffering and wrongful death of baby D.H. Tiana Hill is the mother of baby D.H., pursuant to O.C.G.A. § 51-4-4 she is entitled for to recovery for the wrongful death of baby D.H.

**Count III**
**Intentional Infliction of Emotional Distress**

36.    The preceding paragraphs are incorporated herein by reference as though fully set forth.

37.    Clayton County Georgia, Clayton County Board of Commissioners, Clayton County Sheriff Victor Hill in his official and individual capacities, CorrectHealth Clayton County LLC, Dr. Charles Clopton in his official and individual capacities, John Does in their official and individual capacities collectively and individually through actions and policies intentionally inflicted emotional distress upon Tiana Hill and baby D.H.

**Count IV**
**Medical Malpractice**

38.    The preceding paragraphs are incorporated herein by reference as though fully set forth.

39.    Clayton County Georgia, Clayton County Board of Commissioners, Clayton County Sheriff Victor Hill in his official and individual capacities, CorrectHealth Clayton County LLC, Dr. Charles Clopton in his official and individual capacities, John Does in their official and individual capacities collectively and individually through actions and policies committed medical malpractice which lead to the death of baby D.H. and the emotional and physical damages to Tiana Hill.

40.   Plaintiff's demand judgment in excess of $10,000.

## Count V
## Violation of State Law to Provide Needed
## Medical and Hospital Attention

41.   The preceding paragraphs are incorporated herein by reference as though fully
      set forth.

42.   Clayton County Georgia, Clayton County Board of Commissioners, Clayton
      County Sheriff Victor Hill in his official and individual capacities,
      CorrectHealth Clayton County LLC, Dr. Charles Clopton in his official and
      individual capacities, John Does in their official and individual capacities
      collectively and individually through actions and policies violated O.C.G.A.
      § 42-5-2 depriving Tiana Hill and baby D.H. medical and hospital attention.

## Count VI
## Liability for Ratifying Acts

43.   The preceding paragraphs are incorporated herein by reference as though fully
      set forth.

44.   Clayton County Georgia, Clayton County Board of Commissioners, Clayton
      County Sheriff Victor Hill in his official and individual capacities,
      CorrectHealth Clayton County LLC, Dr. Charles Clopton in his official and
      individual capacities, John Does in their official and individual capacities
      collectively and individually through actions and policies are liable for all

torts in that the parties ratified the acts of the other parties in accordance with O.C.G.A. § 51-1-2.

45.   To the extent not previously outlined, Ms. Tiana Hill and baby D.H. herein assert claims for any and all damages of any sort flowing from the incident and the injuries suffered by them as provided by law.

### Prayer For Relief

**WHEREFORE**, Plaintiff prays that this Court issue the following relief:

a.   That process and summons issue in accordance with the law;

b.   That the Court award Plaintiff compensatory and general damages in an amount of no less than the full value of baby D.H. life as to be determined by the jury against all Defendants, jointly and severally;

c.   That the Court award Plaintiff compensatory and general damages in an amount of not less than the entirety of baby D.H.'s loss of life, loss of services, physical, mental and emotional pain, suffering and trauma as to be determined by the jury against Defendants, jointly and severally;

d.    That the Court award Plaintiff's compensatory and general damages in an amount of not less than the entirety of Tiana Hills 's physical, mental and emotional pain, suffering and trauma as to be determined by the jury against Defendants, jointly and severally;

e.   Pursuant to O.C.G.A. § 9-11-8, Plaintiff's demands judgment in excess of $25,0000.00;

f.   That the Court award Plaintiff's punitive damages in an amount as to be determined by and enlightened conscience of the jury against all Defendants, jointly and severely;

g.   That the Court award costs of this action, including attorney's fees, to Plaintiff, pursuant to U.S.C. § 1988, the laws of the State of Georgia and other applicable laws such awards against Defendants, jointly and severally;

h.   That pre and post judgment interest be awarded to Plaintiff under federal and state statutes and case law;

i.   That the Court award Plaintiff such other and further relief as it deems just and necessary; and

j.   That Plaintiff be granted a trial by jury.

This 28th day of December, 2021

Mitchell L. Albert III
Attorney for Plaintiff
Georgia Bar No.: 307196

Albert III & Associates LLC
3330 Cumberland Blvd.
Suite 500
Atlanta, GA 30339
Telephone (770) 675-6749 Fax (404) 601-6041
mitchell.albert@aiiiaa.com