IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

TIANA HILL, individually and as　　　　)
MOTHER and next friend of baby D.H. her )
minor child,　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　)
　　　　Plaintiffs,　　　　　　　　　)
　　　　　　　　　　　　　　　　　)　　　CIVIL ACTION FILE NO.:
v.　　　　　　　　　　　　　　　　)　　　1:21-CV-05300-TWT
　　　　　　　　　　　　　　　　　)
CLAYTON COUNTY GEORGIA,　　　　)
CLAYTON COUNTY BOARD OF　　　)
COMMISSIONERS, CLAYTON COUNTY)
SHERIFF VICTOR HILL in his official and )
individual capacities, CORRECTHEALTH )
CLAYTON LLC, DR. CHARLES　　　　)
CLOPTON in his official and individual　)
capacities, JOHN DOES in their official　)
and individual capacities,　　　　　　)
　　　　　　　　　　　　　　　　　)
　　　　Defendants.　　　　　　　　)
　　　　　　　　　　　　　　　　　)

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION
TO DISMISS PLAINTIFF'S COMPLAINT**

## I.　　INTRODUCTION

This is a Section 1983 civil rights lawsuit filed by plaintiff Tiana Hill

individually and as the mother of her minor child ("plaintiff"). (Doc. 1.) Plaintiff

alleges that on September 19, 2019, she began her incarceration as a pregnant

inmate at the Clayton County Jail ("CCJ"). (Id., ¶¶ 13, 14.) Plaintiff alleges that

she repeatedly requested prenatal care, but received "no medical attention for her

pregnancy." (Id., p. 2 and ¶ 15.)  After over three months at the CCJ, on December 29, 2019, plaintiff went into labor and was admitted to the infirmary where it was suspected that she had a miscarriage.  (Id., p. 2 and ¶¶ 17-22.)  Plaintiff gave birth the following day on December 30, 2019 and was transferred to Southern Regional Hospital where she alleges that her baby died a few days later.  (Id., ¶¶ 23-25.)

Based on the foregoing, plaintiff now brings this action against Clayton County (the "County"), Clayton County Board of Commissioners, and Sheriff Victor Hill ("Sheriff Hill") in his individual and official capacity (collectively the "Clayton Defendants"), as well as against CorrectHealth Clayton, LLC, Dr. Charles Clopton, and "John Does," seeking to hold everyone liable for the alleged wrongful death of her baby and associated distress.  (Id.)

Under Section 1983, plaintiff alleges violations under the Fourth, Eighth, and Fourteenth Amendments against all defendants.  (Id., Count I.)  Plaintiff also asserts state law claims against all defendants for wrongful death under O.C.G.A. § 51-4-4 (Count II), intentional infliction of emotional distress (Count III), medical malpractice (Count IV), failure to "provide needed medical and hospital attention" under O.C.G.A. § 42-5-2 (Count V), and "liability for ratifying acts" under O.C.G.A. § 51-1-2 (Count VI).  Based on these claims, plaintiff seeks compensatory and general damages as well as punitive damages and attorney's fees under Section 1988 and state law.  (Id., Prayer for Relief.)

- 2 -

Clayton Defendants now move to dismiss all of plaintiff's claims against them for several reasons. **First**, plaintiff's claims against the Clayton County Board of Commissioners are subject to dismissal because the Board is not an entity capable of being sued. **Second**, plaintiff's claims against "John Does" should be dismissed because fictitious party practice is not permitted in federal court. **Third**, plaintiff's federal claims against the County are subject to dismissal for failure to state a claim under <u>Monell</u> and her state law claims against the County are barred by sovereign immunity. **Fourth**, all plaintiff's claims against Sheriff Hill in his official capacity are barred by Eleventh Amendment immunity and her state law claims are barred by sovereign immunity. **Fifth**, plaintiff's federal claims against Sheriff Hill in his individual capacity are barred by qualified immunity and her state law claims against him are barred by official immunity. **Finally**, plaintiff's claims for punitive damages and attorney's fees are subject to dismissal because the underlying claims fail, the County and Sheriff Hill in his official capacity are immune from punitive damages, and plaintiff's claim for punitive damages is otherwise subject to dismissal for failure to state a claim. For these reasons, plaintiff's complaint should be dismissed. [1]

---

[1] Sheriff Hill has not been served with process, and therefore, the Court lacks personal jurisdiction over him. Sheriff Hill specifically preserves these objections and reserves the right to file a Rule 12 motion asserting these defenses as grounds for dismissal after the 90-day time period to perfect service under Rule 4(m) expires on March 28, 2022.

## II.    ARGUMENT AND CITATION OF AUTHORITY

### A.    The Clayton County Board Of Commissioners Is Not An Entity Capable Of Being Sued

The Clayton County Board of Commissioners is subject to dismissal because it is not an entity capable of being sued.   The Georgia Supreme Court has explained that "in every suit there must be a legal entity as the real plaintiff and the real defendant. This state recognizes only three classes as legal entities, namely: (1) natural persons; (2) an artificial person (a corporation); and (3) such quasi-artificial persons as the law recognizes as being capable to sue." Georgia Insurers Insolvency Pool v. Elbert County, 258 Ga. 317, 368 S.E.2d 500, 502 (1988) (holding that county is a legal entity) (quotation omitted).   Only the County itself is given the power under state law to sue and be sued, plead and implead in courts, and do all such other acts relating to its capacity as a body corporate.   See O.C.G.A. § 36-1-3.

Here, the Clayton County Board of Commissioners is not a legal entity capable of being sued.  The law is well settled in Georgia that, absent a special act by the General Assembly, non-legal entities, such as school boards and departments of local governments, are not entities with the capacity to be sued. See Cook v. Colquitt Cnty. Bd. of Educ., 261 Ga. 841, 412 S.E.2d 828 (1992); Tidwell v. Coweta Cnty. Bd. of Educ., 240 Ga. App. 55, 521 S.E.2d 889 (1999); Brownlee v. Dalton Bd. of Water, Light & Sinking-Fund Comm'rs, 59 Ga. App.

538, 1 S.E.2d 599, 599 (1939).  There is no special act of the General Assembly conferring the capacity to be sued on the Clayton County Board of Commissioners. See Muhammad v. Washington Mut. F.A., No. CIVA 1:05CV0634 JOF, 2007 WL 1020840, at *5 n. 4 (N.D. Ga. Mar. 15, 2007) (stating that there is merit to defendant's argument that the DeKalb County Board of Commissioners is not an entity capable of being sued).

The case of Smith v. Bulloch Cnty. Bd. of Comm'rs, 261 Ga. App. 667, 583 S.E.2d 475 (2003) is instructive.  In that case, the plaintiff sued the Board of Commissioners for the negligent actions of an employee based upon the doctrine of respondeat superior.  Id. at 669.  The Court of Appeals held that the County was the proper defendant.  The Court stated:

> The wrongful death action against Thomas Smith, to the extent it is based on his actions in an official capacity, is against the County. In all cases where the county is the proper defendant, it, and not its agents in their representative capacities, is the proper defendant. In certain circumstances, an injunction may be sought in a court of equity against the governing official of a county. But there is no independent basis here for the Board as a defendant. The Board was not a proper defendant and was entitled to judgment on that basis.

Id.

Similarly, in this case, plaintiff is attempting to sue the Clayton County Board of Commissioners.  As in Smith, there is no independent basis in this case

for the Board to be a defendant.   Accordingly, the Clayton County Board of Commissioners should be dismissed from this action.

**B.     No Viable Claims Against John Doe Defendants**

Plaintiff has named in the caption of the complaint "John Does in their official and individual capacities."   (Doc. 1, p. 1.)   However, "fictitious party practice is not permitted in federal court."   New v. Sports & Rec., 114 F.3d 1092, 1094 n. 1 (11th Cir. 1997).   Accordingly, the "John Doe" defendants and/or claims must be dismissed.

**C.     Plaintiff's Claims Against Clayton County Are Subject to Dismissal**

**1.     Federal Claims Are Subject To Dismissal For Failure To State A Claim Under Monell**

***a.     No Underlying Constitutional Violation By Any County Employee***

Absent an underlying constitutional violation by one of its employees, the County cannot be held liable under Section 1983.   Case v. Eslinger, 555 F.3d 1317, 1327 (11th Cir. 2009) (absent a violation of plaintiff's constitutional rights, sheriff and city entitled to summary judgment); Beshers v. Harrion, 495 F.3d 1260, 1264 n.7 (11th Cir. 2007) (no need to address plaintiff's claims of municipal liability since no constitutional violation occurred).

Here, nowhere in plaintiff's complaint does she allege that any of her constitutional rights were violated by anyone employed by the County.   (See Doc.

1.)  While plaintiff baldly references unnamed "jailers and jail administrators," any jailer would be employed by the Sheriff, who as plaintiff admits is the supervisor over the CCJ.  (Doc. 1, p. 2.)  See Gilbert v. Richardson, 264 Ga. 744, 754, 452 S.E.2d 476, 484 (1994) ("deputy sheriffs are employed by the sheriff rather than the county").  Therefore, plaintiff's federal claims against the County are subject to dismissal for failure to state a claim.

### b.   Failure to Allege Facts Sufficient To Establish Liability Under Monell

Even assuming plaintiff has alleged a substantive violation by anyone employed by the County, which she hasn't, plaintiff still fails to allege sufficient facts to establish liability under Monell.  The County cannot be held liable for the alleged actions of its employees based upon a *respondeat superior* theory of liability.  Board of Cnty Comm'rs of Bryan Cnty v. Brown, 520 U.S. 397, 404 (1997).  Rather, a local government may be held liable under § 1983 only when a constitutional violation was inflicted pursuant to the government's policy or custom.  Monell v. New York City Dept. Of Social Services, 436 U.S. 658, 694 (1978).  To state a § 1983 claim against the County, plaintiffs must have plead: "(1) that [a] constitutional right [was] violated; (2) that the [County] had a custom or policy that constituted deliberate indifference to that constitutional right; and (3) that the policy or custom caused the violation." McDowell v. Brown, 392 F.3d 1283, 1289 (11th Cir. 2004); Monell, 436 U.S. at 690.  To establish such a "policy

or custom," plaintiffs are required to demonstrate through <u>specific factual</u> <u>allegations</u> that the County, through its "deliberate conduct," was the "'moving force' behind the injury alleged." <u>Jernard v. Owens</u>, No. 4:11-CV-17-CDL-MSH, 2012 WL 2131117, at *5-6 (M.D. Ga. May 10, 2012) (emphasis added).  Plaintiff's complaint fails to do so, and therefore, is subject to dismissal for this reason alone.

Moreover, in order to survive a Rule 12 motion, plaintiff is required to "<u>identify</u> [the] policy or custom that caused a constitutional violation." <u>Harvey v.</u> <u>City of Stuart</u>, 296 Fed. Appx. 824, 826 (11th Cir. 2008) (emphasis added). "Vague and conclusory allegations" are insufficient to support a claim asserting <u>Monell</u> liability.  <u>Id.</u>; <u>see also</u> <u>Fernandez v. Metro Dade Police Dept.</u>, No. 06-22957-CIV, 2008 WL 2705433, at *5 (S.D. Fla. July 9, 2008) (finding that plaintiff failed to state a cognizable <u>Monell</u> claim by not alleging the existence of a custom or policy that caused a deprivation of plaintiff's constitutional right).  Plaintiff's complaint fails to meet this standard as well.

Plaintiff baldly alleges that that County's "policies" caused plaintiff and her baby suffering and her baby's death and deprived her and her baby of their civil rights.  (Doc. 1, p. 3 and ¶¶ 31-33, 35, 37, 39, 42, and 44.) However, plaintiff fails to <u>specifically</u> identify a custom or policy of the County apart from these naked and conclusory allegations.  Plaintiff fails to <u>identify factually and with specificity</u> any of the County's policies or customs, how they constituted deliberate

indifference, or how they caused any of the alleged constitutional violations. Plaintiff's allegations are nothing more than "naked assertions" and a "formulaic recitation of the elements of a cause of action." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). A complaint does not suffice if it tenders "naked assertions" devoid of further factual enhancement, or if it offers labels and conclusions or a formulaic recitation of the elements of a cause of action. Id.; Smith v. Owens, No. 14-14039, 2015 WL 4281241, at *3 (11th Cir. July 16, 2015) (finding conclusory allegation of improper custom resulting in deliberate indifference insufficient to state a claim); McClendon v. City of Sumiton, Ala., No. 2:14-CV-00150-AKK, 2015 WL 2354187, at *3 (N.D. Ala. May 15, 2015) ("[C]onclusory allegations are insufficient to support a claim…for deliberate indifference, ratification, or purported 'custom and policy liability.'").

Finally, plaintiff's Section 1983 claims against the County is subject to dismissal because other than the incident at hand, plaintiff fails to identify specifically any other similar incidents establishing an improper custom or policy. "[A] single isolated incident is insufficient to establish a custom or policy under § 1983." Harris v. Goderick, 608 F. App'x 760, 763 (11th Cir. 2015). For all of these reasons, plaintiff's Section 1983 claims against the County must be dismissed.

## 2. State Law Claims Barred By Sovereign Immunity

Because counties are subdivisions of the state, they are entitled to the constitutional grant of sovereign immunity under Art. I, § 2, ¶ IX(e).  Tittle v. Corso, 256 Ga. App. 859, 863, 569 S.E.2d 873, 878 (2002); Gilbert v. Richardson, 264 Ga. 744, 747, 452 S.E.2d 476, 479 (1994).  Under the constitutional provision set forth above, only an Act of the General Assembly can operate to waive a county's entitlement to sovereign immunity.  See O.C.G.A. § 36-1-4.  It is a plaintiff's burden to establish that such a waiver exists.  Spalding Cnty. v. Blanchard, 275 Ga. App. 448, 448, 620 S.E.2d 659, 660 (2005).  This is a difficult burden as a waiver has been found in extremely limited circumstances.  See, e.g., Schulze v. DeKalb Cnty., 230 Ga. App. 305, 306-07, 496 S.E.2d 273, 276 (1998); Colon v. Fulton Cnty., 294 Ga. 93, 93, 751 S.E.2d 307, 308 (2013); Amica Mut. Ins. Co. v. Gwinnett Cnty. Police Dep't, 738 S.E.2d 622, 623 (2013).

None of plaintiff's state law claims fall within a statutory waiver of the County's entitlement to sovereign immunity.  (Doc. 1, Counts II-VI.)  Because plaintiff cannot meet her burden of establishing a waiver of sovereign immunity, plaintiff's state law claims against the County are barred by sovereign immunity.

**D.** **Plaintiff's Claims Against Sheriff Hill In His Official Capacity Are Subject To Dismissal**

**1.** **Eleventh Amendment Immunity**

Plaintiff's Section 1983 and state law claims against Sheriff Hill in his official capacity are barred by the Eleventh Amendment. "The Eleventh Amendment protects a State from being sued in federal court without the State's consent." Manders v. Lee, 338 F.3d 1304, 1308 (11th Cir. 2003). "To receive Eleventh Amendment immunity, a defendant need not be labeled a 'state officer' or 'state official,' but instead need only be acting as an 'arm of the State,' which includes agents and instrumentalities of the State." Manders, 338 F.3d at 1308. In turn, the Eleventh Amendment precludes a plaintiff from suing a sheriff when he acts as an arm of the State. Purcell v. Toombs Cnty., 400 F.3d 1313, 1325 (11th Cir. 2005). The same preclusion applies to a sheriff's employees sued in their official capacity. Scott v. Mercier, 268 F. App'x. 872, 873 (11th Cir. 2008); Scruggs v. Lee, 256 F. App'x. 229, 231-232 (11th Cir. 2007).

"Whether a defendant is an 'arm of the State' must be assessed in light of the particular function in which the defendant was engaged." Manders, 338 F.3d at 1308. Courts look at four factors to determine whether an entity is an "arm of the state": "(1) how state law defines the entity; (2) what degree of control the state maintains over the entity; (3) where the entity derives its funds; and (4) who is responsible for judgments against the entity." Id. at 1309.

Here, plaintiff asserts claims against Sheriff Hill in his official capacity. Plaintiff alleges that Sheriff Hill "supervise[es] the jail" and his "policies" caused plaintiff and her baby suffering and her baby's death and deprived her and her baby of their civil rights.  (Doc. 1, p. 3 and ¶¶ 31-33, 35, 37, 39, 42, and 44.) Plaintiff challenges her confinement and treatment at the CCJ, albeit in a conclusory manner.  All of plaintiff's claims implicate law enforcement functions where the Sheriff acts as an "arm of the state."  See, e.g., Manders, 338 F.3d at 1328 (holding Georgia sheriffs act as "state officers" in establishing and administering jail policies); Young v. Graham, No. CV 304-066, 2005 U.S. Dist. LEXIS 20882 (S.D. Ga. Aug. 11, 2005) (concluding Sheriff of Dodge County sued in official capacity regarding establishment and implementation of policies and procedures regarding pre-trial detention and conditions of confinement entitled to Eleventh Amendment immunity).  Accordingly, the Eleventh Amendment bars all of plaintiff's official capacity claims against Sheriff Hill.

## 2.    Sovereign Immunity

Plaintiff has asserted state law claims against Sheriff Hill in his official capacity.  It is well-settled that suits against "public employees in their official capacities are in reality suits against the state and, therefore, involve sovereign immunity."  Cameron v. Lang, 274 Ga. 122, 126, 549 S.E.2d 341, 346 (2001). Georgia courts, moreover, have specifically held that a sheriff in his official

capacity is entitled to raise the defense of sovereign immunity.  Seay v. Cleveland, 270 Ga. 64, 65, 508 S.E.2d 159, 161 (1998) ("sovereign immunity acts as a bar to such claims against a sheriff in his official capacity unless sovereign immunity has been waived").

Here, as discussed above, sovereign immunity bars plaintiff's state law claims against the County, and in turn, her state law claims against Sheriff Hill in his official capacity.  There is no legislative enactment in Georgia that waives sovereign immunity under the circumstances alleged in this case.  Because plaintiff cannot meet his burden of establishing a waiver of sovereign immunity, plaintiff's state law claims against Sheriff Hill in his official capacity (and the County) are barred by sovereign immunity.

**E.    Plaintiff's Claims Against Sheriff Hill In His Individual Capacity Are Subject To Dismissal**

### 1.    Federal Claims Barred By Qualified Immunity

Qualified immunity "shields officers from civil liability so long as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable officer would have known."  Mullenix v. Luna, 136 S.Ct. 305, 308 (2015).  Significantly, the immunity is "from suit rather than a mere defense to liability."  Mitchell v. Forsyth, 472 U.S. 511, 525 (1985).  As such, the Supreme Court has "stressed the importance of resolving immunity questions at the earliest possible stage in litigation."  Hunter v. Bryant, 502 U.S. 224, 227 (1991).

To claim qualified immunity, Sheriff Hill must first show that he was performing discretionary functions. <u>Barnes v. Zaccari</u>, 669 F.3d 1295, 1303 (11th Cir. 2012). Plaintiff alleges that Sheriff Hill is the Sheriff of Clayton County and that he supervises the CCJ. (Doc. 1, p. 2 and ¶ 4.) Therefore, there is no dispute that Sheriff Hill was acting within his discretionary authority for purposes of qualified immunity. <u>Holloman ex rel. Holloman v. Harland</u>, 370 F.3d 1252, 1265 (11th Cir. 2004).

Plaintiff, in turn, bears the burden of demonstrating that Sheriff Hill is not entitled to qualified immunity. <u>Crosby v. Monroe Cnty.</u>, 394 F.3d 1328, 1332 (11th Cir. 2004). To meet his burden, plaintiff must show: (1) Sheriff Hill violated her constitutional rights, and (2) Sheriff Hill's conduct was prohibited by clearly established law. <u>Plumhoff v. Rickard</u>, 134 S. Ct. 2012, 2020 (2014). As shown below, plaintiff cannot meet her burden on either of these prongs. Therefore, Sheriff Hill is entitled to qualified immunity.

### a. *No Underlying Constitutional Violation By Any Sheriff Employee*

Sheriff Hill cannot be held liable under Section 1983 absent an underlying constitutional violation by one of his employees. <u>Case</u>, 555 F.3d at 1327; <u>Beshers</u>, 495 F.3d at 1264 n.7. <u>See</u> <u>also</u> <u>Gish v. Thomas</u>, 516 F.3d 952, 955 (11th Cir. 2008); <u>Hicks v. Moore</u>, 422 F.3d 1246, 1253 (11th Cir. 2005) ("Because we conclude that Plaintiff's constitutional rights were not violated by the search,

- 14 -

Plaintiff cannot maintain a § 1983 action for supervisory liability against Sheriff Moore, Captain Ausburn, or Sergeant Gosnell"); Askins v. Doe, 727 F.3d 248, 253 (2d Cir. 2013) ("Establishing the liability of the municipality requires a showing that the plaintiff suffered a tort in violation of federal law committed by the municipal actors and, in addition, that their commission of the tort resulted from a custom or policy of the municipality.").

Here, nowhere in plaintiff's complaint does she allege that any of her constitutional rights were violated by anyone employed by the Sheriff.  (See Doc. 1.)  Therefore, plaintiff's federal claims against the Sheriff are subject to dismissal for failure to state a claim.

### b.    No Constitutional Violation By Sheriff Hill

Plaintiff cannot maintain a Section 1983 claim against Sheriff Hill merely by pointing to the alleged actions of others.  Indeed, "[i]t is well-established that § 1983 claims may not be brought against supervisory officials on the basis of vicarious liability or respondeat superior." Amnesty Int'l, USA v. Battle, 559 F.3d 1170, 1180 (11th Cir. 2009).  Rather, a supervisor can only be held liable under Section 1983 when "the supervisor personally participates in the alleged constitutional violation or when there is a causal connection between actions of the supervising official and the alleged constitutional violation." Mathews v. Crosby, 480 F.3d 1265, 1270 (11th Cir. 2007).

Here, plaintiff does not allege that Sheriff Hill personally participated in any alleged constitutional violation.  Nor does plaintiff allege facts to establish a causal connection between any actions of Sheriff Hill and any violation of plaintiff's constitutional rights.  The necessary causal connection can be established when: (1) a "history of widespread abuse" puts the supervisor on notice of the need to correct the alleged deprivation, and he fails to do so; (2) a supervisor's custom or policy results in deliberate indifference to constitutional rights; or (3) facts support an inference that the supervisor directed subordinates to act unlawfully or knew that subordinates would act unlawfully and failed to stop them from doing so. Crosby, 480 F.3d at 1270.

First, plaintiff does not allege facts to show a "history of widespread abuse" which put Sheriff Hill on notice of a need to correct a known deficiency in any conditions at the CCJ.  Nor has plaintiff alleged facts to establish a "pattern of similar constitutional violations" for purposes of supervisory liability in this case. Watkins v. Willson, 824 F. App'x 938, 941 (11th Cir. 2020) ("a plaintiff ordinarily must show *a pattern of similar constitutional violations* by untrained employees because [w]ithout notice that a course of training is deficient in a particular respect, decisionmakers can hardly be said to have deliberately chosen a training program that will cause violations of constitutional rights.") (emphasis added).  See also Hawk v. Klaetsch, 522 Fed. Appx. 733 (11th Cir. 2013) ("We fail to see how three

incidents over the span of nearly five years can constitute frequent, widespread, or rampant abuse.").

Second, plaintiff fails to allege sufficient facts to show that a custom or policy of Sheriff Hill resulted in a deliberate indifference to plaintiff's constitutional rights.  Plaintiff alleges that Sheriff Hill "supervise[es] the jail" and his "policies" caused plaintiff and her baby suffering and her baby's death and deprived her and her baby of their civil rights.  (Doc. 1, p. 3 and ¶¶ 31-33, 35, 37, 39, 42, and 44.)  However, plaintiff offers no factual allegations to corroborate these contentions, and these conclusory allegations are insufficient to state a claim. See Smith v. Owens, No. 14-14039, 2015 WL 4281241, at *3 (11th Cir. July 16, 2015) (finding conclusory allegation of improper custom resulting in deliberate indifference insufficient to state a claim); McClendon v. City of Sumiton, Ala., No. 2:14-CV-00150-AKK, 2015 WL 2354187, at *3 (N.D. Ala. May 15, 2015) ("[C]onclusory allegations are insufficient to support a claim…for deliberate indifference, ratification, or purported 'custom and policy liability.'").

At best, plaintiff has alleged an "isolated occurrence" which is insufficient to show that Sheriff Hill had actual or constructive notice of a flagrant, persistent pattern of violations stemming from any conditions of confinement at the CCJ. Harris v. Goderick, 608 F. App'x 760, 763 (11th Cir. 2015) ("[A] single isolated incident is insufficient to establish a custom or policy under § 1983."); Depew v.

- 17 -

City of St. Marys, 787 F.2d 1496, 1499 (11th Cir. 1986) ("[R]andom acts or isolated incidents are insufficient to establish a custom or policy."); Hawk v. Klaetsch, 522 Fed. Appx. 733 (11th Cir. 2013) ("We fail to see how three incidents over the span of nearly five years can constitute frequent, widespread, or rampant abuse."); Braddy v. Florida Dep't of Labor & Employment Sec., 133 F.3d 797, 802 (11th Cir. 1998) ("The deprivations that constitute widespread abuse sufficient to notify the supervising official must be obvious, flagrant, rampant, and of continued duration, rather than isolated occurrences.").

Therefore, plaintiff's Section 1983 claims against Sheriff Hill are barred by qualified immunity. See Faulkner v. Monroe Cnty. Sheriff's Dep't, 523 F. App'x 696, 701 (11th Cir. 2013) (finding that the plaintiff's claim based on the theory of supervisory liability was subject to dismissal because the plaintiff did not establish a causal connection between the defendant's actions and the alleged constitutional deprivation).

### c.   *No Violation of Clearly Established Law*

Even if plaintiff's complaint alleges sufficient facts to establish a constitutional violation, Sheriff Hill is still entitled to qualified immunity because he did not violate clearly established law.  "[T]he purpose of the qualified immunity doctrine is to give meaning to the proposition that '[g]overnment officials are not required to err on the side of caution' when it comes to avoiding

constitutional violations." See Crosby, 394 F.3d at 1334. Qualified immunity

protects "all but the plainly incompetent or those who knowingly violate the law."

Malley v. Briggs, 475 U.S. 335 (1986). It is a plaintiff's burden to overcome

qualified immunity by pointing to specific actions of an official which violate

clearly established law. Montoute v. Carr, 114 F.3d 181, 184 (11th Cir. 1997)

("Once an officer or official has raised the defense of qualified immunity, the

burden of persuasion as to that issue is on the plaintiff."). "This burden is not easily

discharged: That qualified immunity protects government actors is the usual rule;

only in exceptional cases will government actors have no shield against claims

made against them in their individual capacities." Jones v. Ward, 514 F. App'x

843, 846-47 (11th Cir. 2013).

The Eleventh Circuit has held "many times" that "if case law, in factual

terms, has not staked out a bright line, qualified immunity almost always protects

the defendant." Priester v. City of Riviera Beach, 208 F.3d 919, 926 (11th Cir.

2000). A "plaintiff cannot rely on general, conclusory allegations or broad legal

truisms to show that a right is clearly established." Kelly v. Curtis, 21 F.3d 1544,

1550 (11th Cir. 1994); White v. Pauly, 137 S. Ct. 548, 552 (2017) (reiterating the

longstanding principle that clearly established law should not be defined at a high

level of generality and must be particularized to the facts of the case). The law can

be clearly established for qualified immunity purposes only by decisions of the

United States Supreme Court, the Eleventh Circuit Court of Appeals, or the Georgia Supreme Court.  Jenkins v. Talladega City Bd. of Educ., 115 F.3d 821, 823 n. 4 (11th Cir. 1997).

Here, plaintiff can cite no controlling precedent particularized to the facts of this case that clearly establish that the Sheriff committed any acts that were a clear violation of the constitution.  Because plaintiff cannot meet her burden of citing case law that would establish that Sheriff Hill violated clearly established law, he is entitled to qualified immunity.

**2.    State Law Barred By Official Immunity**

Plaintiff's state law claims against Sheriff Hill in his individual capacity are barred by official immunity.  The doctrine of official immunity is enshrined in the Georgia Constitution.  Ga. Const. of 1983, Art. I, Sec. II, Par. IX(d).  Under the doctrine, "while a public officer or employee may be personally liable for his negligent *ministerial acts*, he may not be held liable for his *discretionary acts* unless such acts are willful, wanton, or outside the scope of his authority."  Gilbert v. Richardson, 264 Ga. 744, 752, 452 S.E.2d 476, 482 (1994) (citation omitted) (emphasis added); see Murphy v. Bajjani, 282 Ga. 197, 198, 647 S.E.2d 54, 65-57 (2007).  In other words, "a public officer or employee may be personally liable only for ministerial acts negligently performed or [discretionary] acts performed

with malice or an intent to injure." <u>Golden v. Vickery</u>, 285 Ga. App. 216, 217, 645 S.E.2d 695, 696 (2007).

This immunity protects government employees' ability to act upon their judgment and discretion in the performance of their duties.  See <u>Cameron</u>, 274 Ga. at 123, 549 S.E.2d at 344.  Whether a defendant is entitled to official immunity is a question of law that must be decided by the court as a "threshold issue." <u>Id.</u> at 124, 549 S.E.2d at 345.  As discussed below, because Sheriff Hill was at all times performing discretionary acts without actual malice or actual intent to cause injury, he is entitled to official immunity.

### a.    *Sheriff Hill Was Performing Discretionary Functions*

It is clear that all of plaintiff's allegations against Sheriff Hill concern discretionary functions.  Plaintiff does not allege that Sheriff Hill was personally involved with plaintiff or that Sheriff Hill personally harmed plaintiff.  (Doc. 1.) Instead, plaintiff is targeting the Sheriff based on his responsibility in the supervision of the CCJ and his policies.  (Doc. 1, p. 3 and ¶¶ 31-33, 35, 37, 39, 42, and 44.)  It is well-settled, however, that these functions are discretionary in nature. "Employment decisions, including the…supervision of employees, necessarily require consideration of numerous factors and the exercise of deliberation and judgment. They are therefore precisely the types of administrative action the discretionary function exception seeks to shield from judicial second-guessing."

Doss v.  City of Savannah, 290 Ga.  App.  670, 675, 660 S.E.2d 457, 462 (2008);

Taylor v. Campbell, 320 Ga. App. 362, 739 S.E.2d 801 (2013) (finding that

Sergeant with county sheriff's department performed a "discretionary function," as

opposed to a "ministerial function," in supervising detention officers);  Russell v.

Barrett, 296 Ga. App. 114, 120, 673 S.E.2d 623, 629 (2009) (finding that Sheriff

was entitled to official immunity, recognizing that the operation of a police

department, including the degree of training and supervision to be provided its

officers, is a discretionary governmental function).

### b.    No Actual Malice Or Actual Intent To Injure

Having established that Sheriff Hill was at all times performing

discretionary functions, he is entitled to official immunity unless plaintiff can show

that he acted with "actual malice [which] requires a deliberate intention to do

wrong and denotes express malice or malice in fact." Adams v. Hazelwood, 271

Ga. 414, 414-15, 520 S.E.2d 896, 898 (1999); Griswold v. Collins, 318 Ga. App.

556, 558, 734 S.E.2d 425, 427 (2012) ("actual malice requires a showing that the

actor had a deliberate intention to do wrong…and that [w]illful conduct is based on

an actual intention to do harm or inflict injury").  "[T]he actual malice necessary to

overcome official immunity must be the intent to cause the harm suffered by the

plaintiff." Campbell v. Goode, 304 Ga. App. 47, 49, 695 S.E.2d 44, 46 (2010).

Here, nowhere in plaintiff's complaint does he allege any <u>facts</u> to show that Sheriff Hill acted with actual malice or the actual intent to cause plaintiff injury. (Doc. 1.)  There are no allegations in the complaint that Sheriff Hill intended the harm suffered by plaintiff.  Plaintiff's state law claims against Sheriff Hill individually, therefore, must be dismissed based on official immunity.

E.   <u>**Punitive Damages And Attorney's Fees Claims Subject To Dismissal**</u>

Plaintiff seeks an award of punitive damages and attorney's fees from defendants.  (Doc. 1, p. 14.)  The County and Sheriff Hill in his official capacity, however, are immune from punitive damages.  <u>See</u> <u>City of Newport v. Fact Concerts, Inc.</u>, 453 U.S. 247, 259-60 (1981); <u>Metro. Atlanta Rapid Transit Auth. v. Boswell</u>, 261 Ga. 427, 428, 405 S.E.2d 869, 870 (1991); <u>City of Columbus v. Myszka</u>, 246 Ga. 571, 573, 272 S.E.2d 302, 303 (1980).

Additionally, because plaintiff's underlying claims are subject to dismissal, any claims for attorney's fees and punitive damages are subject to dismissal as well.  <u>See</u> <u>J. Andrew Lunsford Properties, LLC v. Davis</u>, 257 Ga. App. 720, 722, 572 S.E.2d 682, 685 (2002) ("[T]he claims seeking attorney fees and punitive damages were properly dismissed as derivative of the other dismissed claims."); <u>OFS Fitel, LLC v. Epstein, Becker & Green, P.C.</u>, 549 F.3d 1344, 1357 (11th Cir. 2008) (finding that plaintiffs' claims for punitive damages and attorney's fees cannot survive without an underlying claim against defendants).

- 23 -

Finally, there are no factual allegations in the complaint of "willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care which would raise the presumption of conscious indifference to consequences" or bad faith or stubborn litigiousness to justify an award of punitive damages or attorney's fees under Georgia law. See O.C.G.A. § 15-12-5.1. Nor are there any factual allegations of "malice" or "reckless indifference" to plaintiff's federally protected rights that would justify an award of punitive damages against defendants under federal law. See Kolstad v. Am. Dental Ass'n, 527 U.S. 526, 535 (1999) (stating that "malice or . . . reckless indifference to the [plaintiff's] federally protected rights" justifies an award of punitive damages under Section 1983); Reynolds v. CSX Transportation, Inc., 115 F.3d 860, 869 (11th Cir. 1997). Therefore, defendants are entitled to dismissal of plaintiff's claims for punitive damages and attorney's fees.

### III.   **CONCLUSION**

As shown above, plaintiff's complaint should be dismissed.

**FREEMAN MATHIS & GARY, LLP**

*/s/ A. Ali Sabzevari*
Jack R. Hancock
Georgia Bar No. 322450
jhancock@fmglaw.com
A. Ali Sabzevari
Georgia Bar No. 941527
asabzevari@fmglaw.com

- 24 -

661 Forest Parkway, Suite E
Forest Park, Georgia 30297
(404) 366-1000 (telephone)
(404) 361-3223 (facsimile)

Attorneys for Defendants Clayton County,
Clayton County Board of Commissioners,
and Clayton County Sheriff Victor Hill

<u>**CERTIFICATE OF COMPLIANCE**</u>

I hereby certify, pursuant to Local Rule 7.1(D), that the foregoing memorandum of law has been prepared in accordance with Local Rule 5.1(C) (Times New Roman font, 14 point).

This 25th day of January, 2022.

**FREEMAN MATHIS & GARY, LLP**

*/s/ A. Ali Sabzevari*
A. Ali Sabzevari
Georgia Bar No. 941527
asabzevari@fmglaw.com

661 Forest Parkway, Suite E
Forest Park, Georgia 30297
(404) 366-1000 (telephone)
(404) 361-3223 (facsimile)

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have this day electronically submitted the foregoing **MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT** to the Clerk of Court using the CM/ECF system which will automatically send electronic mail notification of such filing to counsel of record who are CM/ECF participants:

Mitchell L. Albert III
Albert III & Associates LLC
3330 Cumberland Blvd.
Suite 500
Atlanta, GA 30339
Mitchell.albert@aiiiaa.com

This 25th day of January, 2022.

**FREEMAN MATHIS & GARY, LLP**

/s/ A. Ali Sabzevari
A. Ali Sabzevari
Georgia Bar No. 941527
asabzevari@fmglaw.com

661 Forest Parkway, Suite E
Forest Park, Georgia 30297
(404) 366-1000 (telephone)
(404) 361-3223 (facsimile)