IN THE UNITTED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| TIANA HILL, individually and as MOTHER and next friend of baby D.H. her minor child, | § § § § | |
| Plaintiffs, | § § | CIVIL ACTION FILE NO. |
| v. | § § | 1:21-cv-05300-TWT |
| CLAYTON COUNTY GEORGIA, CLAYTON COUNTY BOARD OF COMMISSIONERS, CLAYTON COUNTY SHERIFF VICTOR HILL in his official and individual capacities, CORRECTHEALTH CLAYTON LLC, DR. CHARLES CLOPTON in his official and individual capacities, JOHN DOES in their official and individual capacities, | § § § § § § § § § § § § | |
| Defendants. | § | |

**MOTION FOR EXTENSION OF TIME TO ANSWER OR IN THE ALTERNATIVE PERMISSION TO FILE OUT OF TIME ANSWER BY CORRECTHEALTH CLAYTON, LLC AND DR. CHARLES CLOPTON**

1

COME NOW Defendants and respectfully request that the Court grant them an extension of time to file their Answers through today, February 4, 2022. Defendants' Answers are filed with the Court contemporaneously with this Motion.

## FACTUAL BACKGROUND

On January 5, 2022, a summons and service copy of Plaintiff's Complaint were left for Defendants CorrectHealth Clayton, LLC, and Dr. Clopton at the corporate office of CorrectHealth, LLC, 1720 Windward Concourse, Ste 300, Alpharetta, GA 30005.[1] Returns of service have not yet been filed with the Court, so the identity of the person with whom these summonses were left is not clear to undersigned counsel. Regardless, per Rule 12, an answer was required within 21 days of receipt of summons. Fed. R. Civ. P 12(a)(1)(A)(i); Fed. R. Civ. P 26(a)(1)(A). Defendants' answers were due on January 26, 2022.

---

[1] CorrectHealth Clayton, LLC, was not served through its registered agent (CT Corporation System at 106 Colony Park Drive Ste. 800-B, Cumming, GA, 30040-2794), and Dr. Clopton was not served at the address listed in the Complaint for service on him or at his home address. Nonetheless, these parties have actual notice of this lawsuit and as such, file this motion in a good faith effort to litigate this case on the merits.

2

Through a calendaring error[2] in defense counsel's office, Defendant's Answers were not filed on January 26, 2022. Defendants submit that this failure was due to excusable neglect and request permission from the Court to file their Answers today, February 4, 2022. For the sake of timeliness, efficiency, and the avoidance of any prejudice to Plaintiff, Defendant's Answers are included herewith.

Rule 6 of the Federal Rules of Civil Procedure allows the Court to extend the time for Defendants to answer "if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). The determination of excusable neglect "is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." Pioneer Investment Services Co. v. Brunswick Associates Limited Partnership, 507 U.S. 380, 113 S. Ct. 1489 (1993). The Supreme Court has identified four factors to guide courts in making that determination: "the danger of prejudice to the [other party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." Id. at 395. As recognized by the 11th Circuit, "the Supreme Court accorded primary

---

[2] It is believed that the administrative staff member incorrectly thought service was *waived* on January 5, not *made* on January 5, and that Defendants would have an additional 60 days from the date of the summons to answer. Fed. R. Civ. P 4(c)(3). The administrative staff member at issue is currently out on medical leave.

3

importance to the absence of prejudice to the nonmoving party and to the interest of efficient judicial administration" Cheney v. Anchor Glass Container Corp., 71 F.3d 848, 850 (11th Cir. 1996) (finding a six-day late filing due to an attorney's "innocent oversight" was excusable neglect). A mistake of fact, such as a clerical error or miscommunication, is the type of conduct that may constitute excusable neglect. Advanced Estimating Sys., Inc. v. Riney, 130 F.3d 996, 999 (11th Cir. 1997) (distinguishing a mistake of fact, such as a calendaring error, from a mistake of law, such as failure to read a statute). Each of the following factors weigh in favor of permitting Defendants' late Answer.

### 1. The non-moving parties are not prejudiced by Defendants' late Answers.

Here, the danger of prejudice to Plaintiff arising from Defendants' eight-day delay in filing their answers is non-existent. First, prejudice is not established merely by showing that the litigation would not go forward if Defendants were in default. Progressive Med. Ctr., Inc. v. Aetna, Inc., No. 1:14-CV-0565-CC, 2014 U.S. Dist. LEXIS 151569, at *4 (N.D. Ga. Oct. 27, 2014) (finding excusable neglect where defendant moved to file late answer "only nine days after the answer should have been filed and only one day after plaintiff requested the entry of default"). Delay in answering a plaintiff's complaint is not, by itself prejudicial. Id. "This

4

Circuit has a strong policy of determining cases on their merits." <u>Florida Physician's Ins. Co. v. Ehlers</u>, 8 F.3d 780, 783 (11th Cir. 1993).

Further, Defendants are filing their Answers within the time still allowed for Plaintiff to serve Defendants (the Complaint was filed on December 28, 2021, so Plaintiffs were not even required to perfect service until March 28, 2022). Fed. R. Civ. P. 4(m). Had Plaintiff requested that Defendants waive service – a very common practice in Federal Court – the waiver would have provided Defendants with 60 days from the date of the summons to file their answer, which is not considered prejudicial to plaintiffs. If Plaintiff had requested that Defendants waive service on January 5, 2022, their answer would not be due until February 26, 2022. Fed. R. Civ. P 4(c)(3).

### 2. The length of the delay was minimal and has zero impact on future judicial proceedings in this case.

Discovery has not commenced in this case. The parties have not held a Rule 26(f) conference, the parties have not filed initial disclosures, and the Court has not entered a scheduling order. Defendants will have filed their Answers prior to the commencement of discovery and will be able to fully participate in discovery. *See,* <u>J.V.O. v. Fulton Cty. Sch. Dist.</u>, No. 1:19-cv-01192, 2019 U.S. Dist. LEXIS 238723, at *5 (N.D. Ga. May 17, 2019) (six day delay in filing answer was "very short — just six days — and had little or no impact on the judicial proceedings.")

In fact, Co-Defendants Clayton County, Clayton County Board of Commissioners, and Clayton County Sheriff Victor Hill ("Clayton County") timely filed a Rule 12(b)(6) Motion to Dismiss as their first responsive pleading in lieu of an answer. (ECF Doc. 3.) Clayton County also filed a Motion to Stay ALL DISCOVERY on that date, asking the Court to stay discovery in this matter until Clayton's dispositive motion is ruled on. (ECF Doc. 4.) The Court has not yet ruled on their Motion, but if granted, the Motion to Stay will provide an additional reason that these Answers do not impact the litigation of this case.

### 3. Though it was within control of the movant's office, the reason for the delay was an "innocent" mistake of calendaring deadlines.

The Eleventh Circuit has recognized that untimely filing caused by inadvertence, mistake, or carelessness may constitute excusable neglect. Yang v. Bullock Fin. Grp., Inc., 435 F. Appx. 842, 844 (11th Cir. 2011). Though within the control of the movant, an administrative error in a law office resulting in improper calendaring is precisely the type of "inadvertent" delay this Court has held to be "excusable." *See, e.g.* Cheney, 71 F.3d at 850; Walter v. Blue Cross & Blue Shield United, 181 F.3d 1198, 1202 (11th Cir. 1998) (finding excusable neglect for one month delay where secretary did not record a filing deadline); J.V.O., 2019 U.S. Dist. LEXIS 238723, at *4 (six day delay in filing answer caused by administrative

assistant failing to calendar a deadline was excusable neglect); Bartels v. S. Motors of Savannah, Inc., No. CV 414-075, 2015 U.S. Dist. LEXIS 88117, at *5 (S.D. Ga. July 7, 2015) (six *week* delay in filing summary judgment motion due to "innocent" calendaring error by counsel was excusable neglect); Williams v. Capital One Bank United States, No. 5:17-cv-01216-HNJ, 2017 U.S. Dist. LEXIS 225094, at *5 (N.D. Ala. Aug. 25, 2017) (finding excusable neglect due to mailroom misrouting complaint documents and setting aside entry of default); *Compare with* Norment v. Newton Cty. Sheriff's Dep't, 352 F. App'x 316, 318 (11th Cir. 2009) (no excusable neglect where attorney did not attempt to correct his deficient filing for *five months*, despite having notice of the error).

### 4. Defendants are acting in good faith.

Undersigned counsel discovered this mistake today, February 4, 2022, and notified the Court and parties within several hours of realizing that the Answers had not been timely filed. There was no attempt to flout the rules of federal procedure or disrespect any order of this Court. Sorenson v. Delta Air Lines, No. 1:17-cv-00541-ELR-AJB, 2021 U.S. Dist. LEXIS 123854, at *5 (N.D. Ga. May 17, 2021) (finding excusable neglect and no indication of bad faith where defendant filed answer to amended complaint nearly five months late due to calendaring error, in part because discovery was stayed during a period of that time); Bartels, 2015 U.S. Dist. LEXIS

88117, at *5 (finding that an "innocent mistake" is not bad faith). Defendants intend to diligently and ethically litigate this case before this Court going forward, and will be especially mindful of deadlines.

## **CONCLUSION**

For the foregoing reasons, this Court should GRANT Defendants' Motion for Extension of Time to File Answers and accept CorrectHealth Clayton, LLC and Dr. Clopton's Answers as filed timely today, February 4, 2022.

Respectfully submitted this 4th day of February, 2022.

/s/Alison L. Currie
Thomas E. Lavender III
Georgia Bar No. 439389
Alison L. Currie
Georgia Bar No. 380782
Amy M. Hoffman
Georgia Bar No. 359606
*Attorneys for CorrectHealth Defendants*

LAVENDER HOFFMAN ALDERMAN, LLC
945 East Paces Ferry Road NE, Suite 2000
Atlanta, Georgia 30326
(404) 400-4500 (Phone and Fax)

## **CERTIFICATE OF SERVICE**

This will certify that the undersigned has this day served a true and correct copy of the foregoing upon all counsel of record via the Court's CM/ECF system, addressed as follows:

>Mitchell L. Albert III
>Albert III & Associates LLC
>3330 Cumberland Blvd.
>Suite 500
>Atlanta, GA 30339
>mitchell.albert@aiiiaa.com
>*Attorney for Plaintiff*
>
>A. Ali Sabzevari
>Jack R. Hancock
>Freeman Mathis & Gary, LLP
>661 Forest Park, Suite E
>Forest Park, GA 30297
>asabsevari@fmglaw.com
>jhancock@fmglaw.com
>*Attorneys for County Defendants*

This 4th day of February, 2022.

>/s/Alison L. Currie
>Thomas E. Lavender III
>Georgia Bar No. 439389
>Alison L. Currie
>Georgia Bar No. 380782
>Amy M. Hoffman
>Georgia Bar No. 359606
>*Attorneys for CorrectHealth Defendants*

Lavender Hoffman Alderman, LLC
945 East Paces Ferry Rd, Suite 2000
Atlanta, Georgia 30326
(404) 400-4500 (Phone and Fax)
ted.lavender@lhalawyers.com
alison.currie@lhalawyers.com
amy.hoffman@lhalawyers.com

10