# IN THE UNITTED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| TIANA HILL, individually and as MOTHER and next friend of baby D.H. her minor child, | § § § § | |
| Plaintiffs, | § § | CIVIL ACTION FILE NO. |
| v. | § § | 1:21-cv-05300-TWT |
| CLAYTON COUNTY GEORGIA, CLAYTON COUNTY BOARD OF COMMISSIONERS, CLAYTON COUNTY SHERIFF VICTOR HILL in his official and individual capacities, CORRECTHEALTH CLAYTON LLC, DR. CHARLES CLOPTON in his official and individual capacities, JOHN DOES in their official and individual capacities, | § § § § § § § § § § § | |
| Defendants. | § | |

## ANSWER OF DEFENDANT CORRECTHEALTH CLAYTON, LLC

COMES NOW Defendant CorrectHealth Clayton, LLC and files its Answer, showing this Court the following:

## FIRST DEFENSE

Plaintiff's Complaint fails to state a claim for which relief may be granted.

## SECOND DEFENSE

Service of process may be insufficient or untimely as to Defendant.

## THIRD DEFENSE

At all times relevant hereto, the care and treatment of Plaintiff by Defendant met or exceeded the standard of care applicable to members of the medical profession generally under the same or similar circumstances.

## FOURTH DEFENSE

Defendant did not act negligently in providing medical care and treatment to Plaintiff.

## FIFTH DEFENSE

Defendant did not breach any duty owed to the Plaintiff.

## SIXTH DEFENSE

There is no causal relationship between any alleged acts and/or omissions on the part of Defendant and any alleged injuries to Plaintiff.

## SEVENTH DEFENSE

Plaintiff was either contributorily or comparatively negligent and/or assumed the risks of the events alleged in Plaintiff's Complaint.

## EIGHTH DEFENSE

The injuries allegedly suffered by Plaintiff may have been the result of actions or omissions of individuals over whom Defendant had no control; therefore, Defendant cannot be liable to the Plaintiff.

## NINTH DEFENSE

Plaintiff has not been subjected to the deprivation of any rights, privileges or immunities secured under the constitution or the laws of the United States or the State of Georgia and, therefore, Plaintiff's claims should be dismissed.

## TENTH DEFENSE

Plaintiff has suffered no constitutional deprivation or violation of any rights secured by 42 U.S.C. § 1983, § 1988 or § 12131, *et seq.*, or any Federal statute.

## ELEVENTH DEFENSE

Some or all of the Plaintiff's claims may be barred by the Doctrine of Qualified Immunity.

## TWELFTH DEFENSE

Defendant did not act with deliberate indifference to Plaintiff's medical needs.

## THIRTEENTH DEFENSE

Plaintiff cannot prove that Plaintiff suffered from a "serious medical condition" at the time of this incident.

## FOURTEENTH DEFENSE

There is no *respondeat superior* liability under 42 U.S.C. § 1983 and, as such, the Plaintiff's claims are barred in whole or in part to the extent that separate claims are asserted against Defendant in that capacity.

## FIFTEENTH DEFENSE

Under Monell v. Department of Soc. Svcs. 436 U.S. 658 (1978), Plaintiff cannot prove that Defendant had an official or unofficial but widespread policy or custom of deliberate indifference such that they knew or should have known of the risk of constitutional violations.

## SIXTEENTH DEFENSE

The Court may lack subject matter jurisdiction over this Defendant in the United States District Court inasmuch as the purported claims against Defendant

represent nothing more than a professional negligence action based upon state law and does not provide a viable basis for Federal Court jurisdiction.

## SEVENTEENTH DEFENSE

To the extent Plaintiff raises the issue of punitive damages, Defendant is immune from liability for punitive damages because it is a "functional municipality."

## EIGHTEENTH DEFENSE

Plaintiff's attempt to raise the issue of punitive damages must fail as the Plaintiff has failed to allege that the Defendant's actions showed willful misconduct, fraud, malice, wantonness, oppression, or that entire want of care that would raise the presumption of conscience indifference to consequences.

## NINETEENTH DEFENSE

Without limiting the generality of the previous defense, an award of punitive damages against Defendant would violate Defendant's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by Article I, Section I, Paragraph 1 of the Constitution of Georgia of 1983 because (1) such an award is subject to no predetermined amount, such as a maximum multiple of compensatory damages or a maximum amount; (2) the standard of law does not provide for sufficient clarity for determining the appropriateness and the

approximate size of the punitive damage award; (3) the jury is not adequately instructed on the limits of punitive damages imposed by the applicable principles of deterrence and punishment; (4) the jury is not expressly prohibited from awarding punitive damages, or determining the amount of an award of punitive damages, in whole or in part, on the basis of invidiously discriminatory characteristics, including the residence, wealth, status and identity of the Defendant; (5) the jury is permitted to award punitive damages under a standard for determining liability for punitive damages that are vague and arbitrary and does not define with sufficient clarity the conduct or mental state that makes punitive damages permissible; (6) the award of punitive damages are not subject to trial court and appellate judicial review for reasonableness and for the furtherance of the legitimate purposes of such damages on the basis of objective standards; (7) the award of punitive damages in this action would have an impermissible extraterritorial effect; (8) Defendant had no notice of or means of ascertaining whether, or in what amount, in might be subject to a penalty of punitive damages for the conduct alleged by Plaintiff in this case, which lack of notice was compounded by absence of an adequate or meaningful standards as to the kind of conduct that might subject Defendant to punitive damages or as to the potential amount of such an award; (9) an award of punitive damages does not give cognizance to the comparability of the award to awards in other, similar cases; (10)

an award of punitive damages does not give adequate consideration to the proportionality of the punitive damages awarded to the wrong done to Plaintiff; and (11) no provision     provides adequate procedural safeguards consistent with the criteria set forth in State Farm Mutual Automobile Insurance Co. v. Campbell, 123 S. Ct. 1513 (2003), Cooper Industries, Inc. v. Leatherman Tool Group, Inc., 532 U.S. 424, 121 S. Ct. 1678 (2001), BMW of North America, Inc. v. Gore, 517 U.S. 559 (1996), Pacific Mutual Life Ins. Co. v. Haslip, 499 U.S. 1 (1990), and Matthews v. Eldridge, 424 U.S. 319 (1976) for the imposition of a punitive award.

## TWENTIETH DEFENSE

O.C.G.A. § 51-12-5.1 violates the prohibition on the taking by the government of private property for public use without just compensation as set forth in the Fifth Amendment of the Constitution of the United States and made applicable to the States through the Fourteenth Amendment to the Constitution of the United States, with the result that the entirety of O.C.G.A. § 51-12-5.1 concerning punitive damages is void as unconstitutional.

## TWENTY-FIRST DEFENSE

An imposition of punitive damages against Defendant in this case would violate the prohibition against excessive fines of the Eighth Amendment of the

United States Constitution and Article I, Section I, Paragraph XVII of the Constitution of Georgia of 1983.

### TWENTY-SECOND DEFENSE

Without limiting any previous defense, insofar as any punitive damages sought by Plaintiff is awarded, such punitive damages may not exceed the sum of substantial compensatory damages that may be awarded to the Plaintiff, as to do so would violate this Defendant's due process rights guaranteed by the United States Constitution and by Article I, Paragraph I of the Constitution of Georgia of 1983 as applied in State Farm Mutual Automobile Insurance Co. v. Campbell, 123 S. Ct. 1513 (2003), Cooper Industries, Inc. v. Leatherman Tool Group, Inc., 532 U.S. 424, 121 S. Ct. 1678 (2001), BMW of North America, Inc. v. Gore, 517 U.S. 559 (1996), Pacific Mutual Life Ins. Co. v. Haslip, 499 U.S. 1 (1990), and Matthews v. Eldridge, 424 U.S. 319 (1976).

### TWENTY-THIRD DEFENSE

Plaintiff's claims for punitive damages are in violation of and barred by the due process clause of the 1983 Georgia Constitution, Article I, Section I, Paragraph I, and by the Fifth and Fourteenth Amendments to the United States Constitution.

## TWENTY-FOURTH DEFENSE

Defendant responds to the specific unnumbered introductory paragraphs of Plaintiff's Complaint as follows:

Defendant admits Plaintiff was an inmate at the Clayton County Jail.

Defendant admits Plaintiff requested medical care during her stay at the jail as reflected in the medical records.

Defendant denies Plaintiff received no medical care at the jail.

Defendant admits Plaintiff went into labor at the jail and delivered a child.

Defendant admits Plaintiff was transferred to the hospital.

Defendant denies all remaining allegations contained in the unnumbered introductory paragraphs of Plaintiff's Complaint. Defendant denies all allegations of negligence, deliberate indifference, or liability to Plaintiff contained in this introductory paragraph.

## TWENTY-FIFTH DEFENSE

Defendant responds to the specific numbered paragraphs of Plaintiff's Complaint as follows:

1.

Defendant has insufficient information to admit or deny this paragraph, and therefore the same is denied.

2.

Defendant has insufficient information to admit or deny this paragraph, and therefore the same is denied.

3.

Defendant has insufficient information to admit or deny this paragraph, and therefore the same is denied.

4.

Defendant has insufficient information to admit or deny this paragraph, and therefore the same is denied.

5.

Defendant has insufficient information to admit or deny this paragraph, and therefore the same is denied.

6.

Defendant admits it is a Georgia limited liability company. Defendant denies

the remaining allegations contained in this Paragraph.

7.

Defendant denies Paragraph 7 as stated.

8.

Defendant admits that Plaintiff makes claims under 42 U.S.C. § 1983 and §

1988.

9.

Defendant admits this paragraph.

10.

Defendant admits this paragraph as this case is currently pled.

11.

Defendant admits this paragraph.

12.

Denied.

13.

Admitted.

14.

Defendant admits this paragraph to the extent it is consistent with the medical record.

15.

Defendant admits that Ms. Hill made requests for medical attention. Defendant states the records speak for themselves. Defendant denies the remaining allegations contained in this Paragraph.

16.

Denied.

17.

Defendant has insufficient information to admit or deny this paragraph, and therefore the same is denied.

18.

Defendant admits Ms. Hill was taken to the infirmary.

19.

Defendant has insufficient information to admit or deny this paragraph, and therefore the same is denied.

20.

Defendant admits this paragraph to the extent it is consistent with the medical record.

21.

Defendant admits this paragraph to the extent it is consistent with the medical record.

22.

Defendant admits Ms. Hill was documented in the medical record as crying andasked to be "sent out." Defendant denies the remaining allegations in this Paragraph.

23.

Defendant admits that Ms. Hill gave birth at the jail's infirmary around 12:32 p.m. Defendant denies the remaining allegations contained in this Paragraph.

24.

Admitted.

25.

Denied.

26.

Denied.

27.

Denied.

28.

Defendant denies this paragraph and all its subparts.

## Count I

## Constitutional Violations

29.

Defendant incorporates its responses to the unnumbered introduction and paragraphs 1 through 28 as if fully restated herein.

30.

Denied.

31.

Denied.

32.

Denied.

33.

Denied.

## Count II

## Wrongful Death

34.

Defendant incorporates its responses to the unnumbered introduction and paragraphs 1 through 33 as if fully restated herein.

35.

Denied.

## Count III

## Intentional Infliction of Emotional Distress

### 36.

Defendant incorporates its responses to the unnumbered introduction and paragraphs 1 through 35 as if fully restated herein.

### 37.

Denied.

## Count IV

## Medical Malpractice

### 38.

Defendant incorporates its responses to the unnumbered introduction and paragraphs 1 through 37 as if fully restated herein.

### 39.

Denied.

### 40.

Denied.

<u>Count V</u>

<u>Violation of State Law to Provide Needed Medical and Hospital Attention</u>

41.

Defendant incorporates its responses to the unnumbered introduction and paragraphs 1 through 40 as if fully restated herein.

42.

Denied.

<u>County VI</u>

<u>Liability for Ratifying Acts</u>

43.

Defendant incorporates its responses to the unnumbered introduction and paragraphs 1 through 42 as if fully restated herein.

44.

Denied.

45.

Denied.

## **TWENTY-SIXTH DEFENSE**

All allegations contained in Plaintiff's Complaint that are not specifically admitted are hereby denied.

WHEREFORE, having fully responded to Plaintiff's Complaint, Defendant Dr. Charles Clopton prays as follows:

1. That Plaintiff's Complaint be dismissed for failure to state a claim upon which relief may be granted;

2. That Defendant's defenses be inquired into and that the same be sustained;

3. That Defendant have judgment in his favor and against the Plaintiff;

4. That Plaintiff recover nothing against Defendant;

5. That Defendant have a trial by jury of twelve;

6. That all costs be taxed against the Plaintiff; and

7. That this Court enter such other and further relief as it deems just and proper under the circumstances.

This 4th day of February, 2022.

/s/Alison L. Currie
Thomas E. Lavender III
Georgia Bar No. 439389
Alison L. Currie
Georgia Bar No. 380782
Amy M. Hoffman
Georgia Bar No. 359606
*Attorneys for CorrectHealth Defendants*

LAVENDER HOFFMAN ALDERMAN, LLC
945 East Paces Ferry Road NE, Suite 2000
Atlanta, Georgia 30326
(404) 400-4500 (Phone and Fax)

## <u>CERTIFICATE OF SERVICE</u>

This will certify that the undersigned has this day served a true and correct

copy of the foregoing ANSWER OF CORRECTHEALTH CLAYTON, LLC upon

all counsel of record via the Court's CM/ECF system, addressed as follows:

> Mitchell L. Albert III
> Albert III & Associates LLC
> 3330 Cumberland Blvd.
> Suite 500
> Atlanta, GA 30339
> mitchell.albert@aiiiaa.com
> *Attorney for Plaintiff*
>
> A. Ali Sabzevari
> Jack R. Hancock
> Freeman Mathis & Gary, LLP
> 661 Forest Park, Suite E
> Forest Park, GA 30297
> asabsevari@fmglaw.com
> jhancock@fmglaw.com
> *Attorneys for County Defendants*

This 4th day of February, 2022.

> /s/Alison L. Currie
> Thomas E. Lavender III
> Georgia Bar No. 439389
> Alison L. Currie
> Georgia Bar No. 380782
> Amy M. Hoffman
> Georgia Bar No. 359606
> *Attorneys for CorrectHealth Defendants*

LAVENDER HOFFMAN ALDERMAN, LLC
945 East Paces Ferry Rd, Suite 2000
Atlanta, Georgia 30326
(404) 400-4500 (Phone and Fax)
ted.lavender@lhalawyers.com
alison.currie@lhalawyers.com
amy.hoffman@lhalawyers.com