**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

TIANA HILL,                                  )
individually and as                          )
MOTHER and next friend of                    )
baby D.H. her minor child                    )
                                             )
                                             )          CIVIL ACTION FILE NO.:
                                             )          1:21-CV-05300-TWT
Plaintiffs,                                  )
                                             )
v.                                           )
                                             )
CLAYTON COUNTY GEORGIA,                       )
CLAYTON COUNTY BOARD OF                       )
COMMISSIONERS,                               )
CLAYTON COUNTY SHERIFF                        )
VICTOR HILL in his official and              )
individual capacities,                       )
CORRECTHEALTH                                )
CLAYTON LLC,                                 )
DR. CHARLES CLOPTON in his                   )
official and individual capacities,          )
JOHN DOES in their official and              )
individual capacities                        )
                                             )
Defendants.                                  )
_____)

**MEMORANDUM OF LAW IN SUPPORT OF
PLAINTIFF'S OBJECTION TO DEFENDANT'S MOTION TO DISMISS
PLAINTIFF'S COMPLAINT**

**INTRODUCTION**

NOTHING NOTHING NOTHING is more important than life.  Ms. Tiana

Hill was deprived and denied medical care for herself and her baby D.H.

1

While in the care of Clayton County for jail Ms. Hill informed her detainers that she was pregnant. She repeatedly asked jail officials for care for her and Baby D.H.

The Defendants in their Motion to Dismiss do not deny that they in fact violated Baby DH and Ms. Hill's Constitutional rights to life, freedom from cruel and unusual punishment, freedom from unlawful seizure, emotional distress, and the supplemental state law claims.

Their argument, without any case specific facts, is that they are immune from liability and can essentially do as they please with impunity. Their position is in direct conflict with the United States Constitution which protects life.

The Defendants in their 12b motion seek to argue against the claims of Ms. Hill by referencing facts from other cases totally unrelated to his one.

This is a Complaint for two people. Ms. Tiana Hill and baby D.H. Each has their right to claims for damages. The purpose of a complaint is to put the defendants on notice of the claims against them. The Complaint is not the complete case prepared for trial. A case is not complete until the end of discovery. The Defendants seek to have the court dismiss the Plaintiff's claims without allowing them the discovery process to fortify their claims.

Ms. Hill filed her complaint based on protections afforded herself and Baby DH by the 14th Amendment protection for life, The 8th amendment protection against cruel and unusual punishment, and 4th Amendment protection of her and baby DH from unreasonable seizure. The State law claims are reviewable by this court pursuant to supplemental jurisdiction.

The Defendant's request for dismissal is premature and would be unduly prejudicial to Ms. Hill.

Plaintiffs object to Defendant Sheriff Victor Hill's participation and claims in Defendant's motion to dismiss. Defendant Sheriff Victor Hill, despite numerous attempts for service of process and a request for waiver of service, has been evasive.

Further, Defendant notes in their footnote on page 3 of their brief that Mr. Hill is not subject to the jurisdiction of this Court therefore they cannot seek a judicial order for someone who has not acknowledged the court's governance.

It should be noted that the majority of the Defendant's citations are to summary judgment cases. Arguments for summary judgment are usually done after discovery.

In summary the Defendant's claims are as follows:

o Clayton County Board of Commissioners are not an entity capable of being sued.

- o John Does are a fictious party are not permitted to be plead in Federal Court

- o Federal claims against the County should be dismissed because the Plaintiff did not use the word "employee": That the Plaintiff's Complaint did not put them on notice, and claims against the County are barred by sovereign immunity.

- o Claims against Defendant Sheriff Victor Hill are barred by immunity.

- o Claims for punitive damages and attorney's fees should be dismissed because underlying claims fail and the County and Sherriff or immune from punitive damages.

The claims made by the Defendants do not have any case specific factual support and should be denied.

## **Argument and Citation to Authority**

### **Standard of Review**

The purpose of a complaint is to put Defendants on notice of claims against them.

"A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure is designed to eliminate counts or complaints that fail to state a claim upon which relief can be granted. As such the court must accept all allegations of the complaint as true and construe those allegations in the light most favorable to the

plaintiff. <u>See Lopez v. First Union National Bank of Florida,</u> 129 F.3d 1186, 1189 (11th Cir. 1997); <u>Webb v. Town Council of Town of Hilliard,</u> 766 So. 2d 1241, 1243 (Fla. 1st DCA 2000). A count may not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of her claim that would entitle her to relief. <u>See Lopez,</u> 129 F.3d at 1189. "The threshold of sufficiency that a complaint must meet to survive a motion to dismiss is exceedingly low." <u>Quality Foods de Centro America, S.A. v. Latin American Agribusiness Dev. Corp., S.A.,</u> 711 F.2d 989, 995 (11th Cir. 1983).

<u>Jakubiec v. Sacred Heart Health Sys.,</u> Nos. 3:04CV274/MCR/MD, 3:04CV276/MCR/MD, 2005 U.S. Dist. LEXIS 12144, at *6-9 (N.D. Fla. May 26, 2005)

Federal Rule of Civil Procedure 8(a)(2) requires that a complaint provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 8's pleading standard "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964, 167 L. Ed. 2d 929 (2007)). A complaint that provides "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" is not adequate to survive a Rule 12(b)(6) motion to dismiss. *Twombly*, 550 U.S. at 555, 127 S. Ct. at 1965. Rather, "[t]o survive . . . a

complaint must contain sufficient factual matter, accepted as true, to 'state a claim

to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678, 129 S. Ct. at

1949 (quoting *Twombly*, 550 U.S. at 570, 127 S. Ct. at 1974). A facially plausible

claim must allege facts that are more than merely possible. *Iqbal*, 556 U.S. at 678,

129 S. Ct. at 1949. Factual allegations that are "'merely consistent with' a defendant's

liability" fall short of being facially plausible. *Id*. at 678, 129 S. Ct. at

1949 (quoting *Twombly*, 550 U.S. at 557, 127 S. Ct. at 1966). The plausibility

standard "calls for enough fact to raise a reasonable expectation that discovery will

reveal evidence" of the defendant's liability. *Twombly*, 550 U.S. at 556, 127 S. Ct. at

1965.

Chaparro v. Carnival Corp., 693 F.3d 1333, 1337 (11th Cir. 2012)

## I.   Clayton County Board of Commissioners is a recognized governmental entity capable of being sued.

The Clayton County Board, by their own declaration, is liable for the acts of

Clayton County.

The Clayton County Board of Commissioners (CCBOC) is a governmental

entity with "exclusive jurisdiction and control" of Clayton County. The powers and

duties of CCBOC is detailed in Clayton County Georgia Code of Ordinances Article II Board of Commissioners Sec. 2-10 Powers and Duties[1]

**Sec. 2-10. - Powers and duties.**

(a)     The board shall have exclusive jurisdiction and control of the following matters:

(1)     To direct and control all of the property of the county;

(5)     To settle all claims, charges, and demands against the County of Clayton;

(9)     To have and exercise control and management over the inmates of said county according to the laws of this state;

(b)     The enumeration of powers and duties in subsection (a) of this section shall not be construed as a limitation of the powers of the board to such powers expressly enumerated. The board is expressly given complete power, authority, and control relative to all county matters of Clayton County, and this power, authority, and control is cumulative and supplemental to any and all laws presently existing or future laws that may be enacted concerning the subject matter.

---

[1] Clayton County Municipal Code Section Article II Board of Commissioners Sec. 2-10 Powers and Duties. Exhibit A

The CCBOC has exclusive jurisdiction and  exercise control and management over the inmates of county and are responsible for settling all claims

'42 U.S.C. § 1983. Municipalities and other local government entities are subject to liability under Section 1983, and may be "sued directly under [Section] 1983 for monetary, declaratory, or injunctive relief where . . . the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978).

Lane v. Clayton Cty., Civil Action No. 1:08-CV-3781-TWT-LTW, 2010 U.S. Dist. LEXIS 150811, at *14 (N.D. Ga. Feb. 19, 2010)

## II.     John Doe pleadings are permissible in Federal Court.

When a Plaintiff is harmed by unknown defendant's the courts allow John Doe defendants. In the case at bar, the Plaintiff has not had complete access to identification information. Discovery will allow proper identification of all Does.

"This Court agrees with the holdings of *Macheras, Merrill Lynch*, and *Weber*, and holds that the presence of pseudonymous defendants in this case does not destroy complete diversity. At this juncture, at least under the circumstances of this case, where the plaintiffs were allegedly harmed by anonymous defendants through no action of their own, they should not suffer from the defendants' "Doe" status."

Doe I v. Ciolli, 611 F. Supp. 2d 216, 220 (D. Conn. 2009)

*See Lindley v. General Elec. Co.*, 780 F.2d 797, 799-801 (9th Cir. 1986). Consequently, under *Lindley*, a federal court sitting in diversity must apply the state's Doe Defendant statute.

Fat T, Inc. v. Aloha Tower Assocs. Piers 7, 8 & 9, 172 F.R.D. 411, 414 (D. Haw. 1996)

In the case at bar the Plaintiff has not had complete access to identification information. During Discovery the Plaintiffs will have the opportunity to identify and name Defendants.

Courts have stated that state law governs the use of John Doe. Georgia law does not prohibit the use of John Doe.

III.   **Tiana Hill's and Baby DH claims against Clayton County are supported by the United States Constitution.**

Ms. Hill has filed her § 1983 complaint on behalf of herself and her baby DH based on the violation of her Constitutionally protected right to life and to be free from cruel and unusual punishment. Specifically, the Plaintiffs have stated that

"This is an action for damages brought pursuant to 42 U.S.C. § § 1983 and 1988 and the Fourth, Eighth, and Fourteenth Amendments to the United States Constitution as well as the Georgia Constitution and Georgia law against:

> (1) The jailers and jail administrators, **and agents** who denied and refused to provide Ms. Hill and her baby D.H. prenatal and medical care there causing physical pain, emotional distress, and the death of baby D.H. (Section 1983 deliberate indifference and individual and direct liability)"; Plaintiff's Complaint p2

> Ms. Hill named agents. Employees are agents of their employer.

> The County's areas of coverage are detailed in Clayton County Georgia Code of Ordinances Article II Board of Commissioners Sec. 2-10 II Powers and Duties:

**Sec. 2-10. - Powers and duties.**

(a)   The board shall have exclusive jurisdiction and control of the following matters:

(1)   To direct and control all of the property of the county;

(5)   To settle all claims, charges, and demands against the County of Clayton;

(9)   To have and exercise control and management over the inmates of said county according to the laws of this state;

(b)   The enumeration of powers and duties in subsection (a) of this section shall not be construed as a limitation of the powers of the board to such powers expressly enumerated. The board is expressly given complete power, authority, and control relative to all county matters of Clayton County, and this power, authority, and control is cumulative and supplemental to any and all laws presently existing or future laws that may be enacted concerning the subject matter.

The county expressly controls assets, settles claims, controls and manages inmates and has complete power and authority for Clayton County.

"42 U.S.C. § 1983. Municipalities and other local government entities are subject to liability under Section 1983, and may be "sued directly under [Section] 1983 for monetary, declaratory, or injunctive relief where . . . the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978). ... "It is only when the 'execution of the government's policy or custom . . . inflicts the injury' that the municipality may be held liable under § 1983." City of Canton v. Harris, 489 U.S. 378, 385, 109 S. Ct. 1197, 103 L. Ed. 2d 412 (1989) (citations omitted).

"[T]o impose [Section] 1983 liability on a municipality, a plaintiff must show: (1) that his constitutional rights were violated; (2) that the municipality had a custom or policy that constituted deliberate indifference to that constitutional right; and (3) that the policy or custom caused the violation." McDowell v. Brown, 392 F.3d 1283, 1289 (11th Cir. 2004); see also Brown, 520 U.S. at 403 (a plaintiff seeking to hold a municipality liable under Section 1983 must "identify a municipal 'policy' or 'custom' that caused the plaintiff's injury"). In doing so, the plaintiff may identify either (1) an officially promulgated county policy; or (2) an unofficial custom or practice of the county shown through the repeated acts of the final policymaker for the county. Grech v. Clayton County, 335 F.3d 1326, 1329-30 (11th Cir. 2003). Because a county rarely will have an officially-adopted policy of permitting a particular constitutional violation, most plaintiffs must show that the county has a custom or practice of permitting it and that the county's custom or practice is the moving force behind the constitutional violation. Id. at 1330. "This threshold identification of a custom or policy 'ensures that a municipality is held liable only for those deprivations resulting from the decisions of its duly constituted legislative body or of those officials whose acts may fairly be said to be those of the municipality.'" McDowell, 392 F.3d at 1290 (citing Brown, 520 U.S. at 403-04). Moreover, "[t]his prevents the imposition of liability based on an isolated incident." McDowell, 392 F.3d at 1290; see also Depew v. City of St. Marys, 787

F.2d 1496, 1499 (11th Cir. 1986) ("random acts or isolated incidents are insufficient to establish a custom or policy")."

Lane v. Clayton Cty., Civil Action No. 1:08-CV-3781-TWT-LTW, 2010 U.S. Dist. LEXIS 150811, at *14-17 (N.D. Ga. Feb. 19, 2010)

This motion should be denied.

## IV.    Deliberate Indifference.

"[T]o impose [Section] 1983 liability on a municipality, a plaintiff must show: (1) that his constitutional rights were violated; (2) that the municipality had a custom or policy that constituted deliberate indifference to that constitutional right; and (3) that the policy or custom caused the violation."

Lane v. Clayton Cty., Civil Action No. 1:08-CV-3781-TWT-LTW, 2010 U.S. Dist. LEXIS 150811, at *15 (N.D. Ga. Feb. 19, 2010)

The constitutional rights that were violated were pursuant to 42 U.S.C. § § 1983 and 1988 and the Fourth, Eighth, and Fourteenth Amendments deprivation of Ms. Hill's and baby DH Constitutional rights to life, freedom from cruel and unusual punishment, freedom from unlawful seizure, emotional distress, and the supplemental state law claims.

The policy and customs were manifested by the actions over months of deliberately denying care to Ms. Hill and baby DH which lead to the death of the baby. Case Law shows that policy can be identified by custom or policy. Lane v. Clayton Cty., is instructive on identifying policies and customs

> In doing so, the plaintiff may identify either (1) an officially promulgated county policy; or (2) an unofficial custom or practice of the county shown through the repeated acts of the final policymaker for the county. Grech v. Clayton County, 335 F.3d 1326, 1329-30 (11th Cir. 2003). Because a county rarely will have an officially-adopted policy of permitting a particular constitutional violation, most plaintiffs must show that the county has a custom or practice of permitting it and that the county's custom or practice is the moving force behind the constitutional violation.
>
> Lane v. Clayton Cty., Civil Action No. 1:08-CV-3781-TWT-LTW, 2010 U.S. Dist. LEXIS 150811, at *15-16 (N.D. Ga. Feb. 19, 2010)

With the respect to Clayton County, they had responsibilities and customs. Both lead to repeatedly denying medical care to Ms. Hill which was the cause of the unnecessary death of D.H.

The policies are  written in the County municipal code which grants them exclusive control and management over the inmates. The County was directly responsible for the custom of not providing care in violation the constitution.

The customs are evidenced by their actions. Ms. Hill's Complaint is based on policies and customs which are evidenced by the actions of the defendants for months. Ms. Hill repeatedly requested prenatal care for her and her unborn child. While in childbirth labor Ms. Hill repeatedly asked to be sent to the hospital for proper medical care.

There is also evidence of Clayton Counties practices of Civil Rights violations in that there have been over seventy (70) §1983 allegations brought against the defendant's [2]

## V.      State law claims covered by Federal Supplemental jurisdiction

Ms. Hill's state law claims are valid as they are covered by Federal Supplemental Jurisdiction.

Subsection   (a)   of   §   1367   provides   that   a   district   court has supplemental jurisdiction "over all claims that are so related to claims in the action within such original jurisdiction that they form

---

[2] List of 42 U.S.C. § 1983 Claims against defendants. Exhibit B

part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). The Eleventh Circuit has observed that "a district court has the power to exercise supplemental jurisdiction over all claims that 'arise out of a common nucleus of operative fact with a substantial federal claim.'" Tamiami Partners, Ltd. v. Miccosukee Tribe of Indians of Fla., 177 F.3d 1212, 1223 (11th Cir. 1999). Jakubiec v. Sacred Heart Health Sys., Nos. 3:04CV274/MCR/MD, 3:04CV276/MCR/MD, 2005 U.S. Dist. LEXIS 12144, at *22 (N.D. Fla. May 26, 2005)

## VI.   Plaintiff's object to Defendant Sheriff Victor Hill's participation in Defendant's motions.

Plaintiffs object to Defendant Sheriff Victor Hill's participation and claims in Defendants' Motions to dismiss. Defendant Sheriff Victor Hill, despite numerous attempts for service of process and a request for waiver of service, has been evasive.

Further, Defendant notes in their footnote on page 3 of their brief that Mr. Hill is not subject to the jurisdiction of this Court therefore they cannot seek a judicial order for someone who has not acknowledged the court's governance.

Out of abundance of caution the Plaintiffs make the following response.

**VII.   Sheriff Victor Hill is liable in accordance with State and Federal law.**

Defendant Sherriff Victor Hill at all times relevant to this litigation was the Sheriff in charge of Clayton County Jail.  The county sheriff is responsible for the custody, safety and health, of inmates. Sherriff Victor Hill was responsible for the daily operation of the jail which includes establishing and maintaining policies and procedures.

The Defendants claims or not based on facts from this case.

The Defendant's at no time disputes that Ms. Hill was an inmate at Clayton County Jail.  The constitutional rights violation to Ms. Hill occurred over several months.  Those depravation of rights lead to the death of baby D.H.  The violative customs and policies of  refusing to provide care is evidenced by the months the jail refused to provide care to the Plaintiffs and is the direct cause of the death of baby D.H.

Defendant Sherriff Victor Hill is liable under state law as well as federal law. The Official Georgia of Georgia § 15-16-24 states:

> "Sheriffs are liable for the misconduct of their jailers as they are liable
> for their deputies; and persons injured by a jailer have the same option
> in bringing an action on the jailer's bond that they have in bringing an
> action on the deputy's bond, provided that the sheriff shall not be liable

17

for such misconduct and no claim or cause of action against the sheriff for such misconduct shall exist unless one of the following conditions exists:

**(1)** The sheriff personally benefited financially from the act complained of;

**(2)** The sheriff was personally aware of and had actual knowledge of the act complained of and had actual knowledge that the act was illegal, was contrary to law, or was the breach of a duty imposed by law and either acted to cause or failed to prevent the act complained of; or

**(3)** The sheriff failed to exercise ordinary care and diligence to prevent the condition or act which proximately caused the injury complained of."

The care of inmates is also addressed in O.C.G.A. § 15-16-10:

"…it shall be the duty of the sheriffs of such counties to receive, confine, feed, and care for all persons charged with the violation of any ordinances of such counties in the same manner as persons charged with an indictable offense…"

Ms. Hill and baby D.H. are also entitled to relief in accordance with federal law.

"It is not necessary to establish actual harm to demonstrate a violation of the Constitution. <u>See</u> <u>Farmer v. Brennan</u>, 511 U.S. 825, 845, 114 S. Ct. 1970, 128 L. Ed. 2d 811 (1994). Rather, Defendants are required to "protect . . . [Jail inmates] against sufficiently imminent dangers as well as current [harm]." <u>Helling v. McKinney</u>, 509 U.S. 25, 34, 113 S. Ct. 2475, 125 L. Ed. 2d 22 (1993). "It would be odd to deny [relief] to [a litigant] who plainly proved an unsafe, life-threatening condition in [a] prison on the ground that nothing yet had happened to [the inmates]." <u>Helling</u>, 509 U.S. at 33. Deliberate indifference can be established by showing that Defendants knew of a need to take action but consciously chose not to do so. <u>See</u> <u>Gold v. City of Miami</u>, 151 F.3d 1346, 1350 (11th Cir. 1998).

<u>United States v. Terrell Cty.</u>, 457 F. Supp. 2d 1359, 1367 (M.D. Ga. 2006)

The claims against Defendant Sheriff Victor Hill are valid, subject to litigation and should not be dismissed.

## VIII. Premature to dismiss claims for Attorney's Fees and Punitive damages and Attorney's Fee's.

The dismissal of punitive damages and attorney fees at this stage of the litigation would be premature.

The Plaintiff's claims lie in state and federal law. The merits of the Plaintiffs' claims have not been decided by a jury. Punitive damages are allowable depending upon the status of the Defendant.

Attorney's fee's are authorized by law.

42 U.S.C. § 1988(b) provides that a court, "in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs" "[i]n any action or proceeding to enforce a provision" of various federal civil rights statutes, including 42 U.S.C. §1983. "

Douglas v. Smelosky, No. 3:10-cv-1464-GPC-BGS, 2015 U.S. Dist. LEXIS 162472, at *3-4 (S.D. Cal. Dec. 3, 2015)

Dismissal of the claims for punitive damages and attorney's fees would be unfairly prejudicial at this time.

## **Conclusion**

Ms. Hill and baby D.H. have suffered incredible pain and distress. There are no case specific facts which warrant dismissal of any claim. They deserve their day in court. There has been no discovery. Pre litigation privacy restrictions prevent access to relevant information. In discovery the Plaintiffs will be able to further substantiate their claims and obtain the particulars of the policies and customs.

For the reason's set out above the Plaintiff's request that the Defendant's Motion to Dismiss Plaintiffs' claims be denied.

Respectfully submitted this the 14th day of February 2022.

/s/ Mitchell L. Albert III
Mitchell L. Albert III
Attorney for Plaintiff
Georgia Bar No.: 307196

Albert III & Associates LLC
3330 Cumberland Blvd.
Suite 500
Atlanta, GA 30339
Telephone (770) 675-6749
Fax (404) 601-6041

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that I, Mitchell L. Albert III, have this day electronically submitted the forgoing served the foregoing **PLAINTIFF'S OBJECTION TO DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT** to the Clerk of Court using the CM/ECF system which will automatically send electronic mail notification of such filing to counsel of record who are CM/ECF participants:

A. Ali Sabzevari
Freeman Mathis & Gary, LLP
661 Forest Parkway, Suite E
Forest Park, Georgia 30297
asabzevari@fmglaw.com

Respectfully submitted this the 14th day of February, 2022.

/s/ Mitchell L. Albert III
Mitchell L. Albert III
Attorney for Plaintiff
Georgia Bar No.: 307196

Albert III & Associates LLC
3330 Cumberland Blvd.
Suite 500
Atlanta, GA 30339
Telephone (770) 675-6749
Fax (404) 601-6041
mitchell.albert@aiiiaa.com