IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| TIANA HILL, individually and as MOTHER and next friend of baby D.H. her minor child, <br><br> Plaintiffs, <br><br> v. <br><br> CLAYTON COUNTY GEORGIA, ET AL. <br><br> Defendants. | CIVIL ACTION FILE NO.: <br> 1:21-CV-05300-TWT |

**REPLY BRIEF IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

I. **ARGUMENT AND CITATION OF AUTHORITY**

A. **Plaintiff's Untimely Response Renders Defendants' Motion Unopposed**

The local rules provide that a response to a motion shall be filed "not later than fourteen (14) days after service of the motion" and that "[f]ailure to file a response shall indicate that there is no opposition to the motion." See LR 7.1B, NDGa. The Eleventh Circuit has affirmed a district court's decision to grant a motion as "unopposed" when the plaintiff "fil[ed] an untimely response, [and] did

not seek an extension of time or leave to file his response late." Simon v. Kroger Co., 743 F.2d 1544, 1547 (11th Cir. 1984).[1]

Here, defendants' motion to dismiss was filed on January 25, 2022. (Doc. 3-1.) Plaintiff's deadline to file any response in opposition expired fourteen days thereafter or on February 8, 2022. See LR 7.1B, NDGa. Plaintiff filed her response on February 14, 2022, nearly one week after the expiration of the deadline and did not seek an extension of time or leave to do so. See Fed. R. Civ. P. 6(b). Therefore, defendants' motion to dismiss should be granted as unopposed.

**B.    The Clayton County Board Of Commissioners Is Not An Entity Capable Of Being Sued**

In their initial brief, defendants established that the "Clayton County Board of Commissioners" is subject to dismissal because it is not an entity capable of being sued. (Doc. 3-1, pp. 4-6.) Defendants cited multiple cases from the Georgia Supreme Court and Court of Appeals in support, including a detailed discussion of Smith v. Bulloch Cnty. Bd. of Comm'rs, 261 Ga. App. 667, 583 S.E.2d 475 (2003). (Id.)  In her response, plaintiff makes no attempt to address any of the cases cited by defendants. (Doc. 10-1, pp. 6-8.)  Not only does plaintiff ignore the

---

[1] See also Irvin v. Smith, No. CV 604-024, 2005 WL 1863279, at *1 (S.D. Ga. May 24, 2005) (finding a summary judgment motion to be unopposed due to an untimely response by *pro se* plaintiff) (citing Loren v. Sasser, 309 F.3d 1296, 1304 (11th Cir. 2002)); Irvin v. Smith, No. CV 604-024, 2005 WL 1863279, at *1 (S.D. Ga. May 24, 2005) (citing Pilgrim v. Littlefield, 92 F.3d 413, 416 (6th Cir. 1996) (affirming district court's decision to disregard late filings from *pro se* prisoners).

cases, plaintiff also cites no cases to support her contention that the "Clayton County Board…is liable for the acts of Clayton County." (Id.) Plaintiff simply outlines the "powers and duties" of the Board of Commissioners set forth on the Clayton County website, but there is nothing contained therein that circumvents Georgia statutory law setting forth that only the County itself is given the power under state law to sue and be sued, plead and implead in courts, and do all such other acts relating to its capacity as a body corporate.[2] See O.C.G.A. § 36-1-3. In sum, plaintiff has named Clayton County as a defendant and so there is no independent basis to name "Clayton County Board of Commissioners" as an additional defendant. The Board is not a proper defendant to this action and should be dismissed. See Smith, 261 Ga. App. at 667, 583 S.E.2d at 475.

## C. No Viable Claims Against John Doe Defendants

Defendants established in their initial brief that "John Does" are subject to dismissal because "fictitious party practice is not permitted in federal court." New v. Sports & Rec., 114 F.3d 1092, 1094 n. 1 (11th Cir. 1997). (Doc. 3-1, p. 6.) Plaintiff fails to address New v. Sports & Rec. in her response brief. (Doc. 10-1,

---

[2] Defendants object to the Court's consideration of the exhibit attached to plaintiff's response or any allegations raised in the response that are not contained in the complaint. "When evaluating a motion to dismiss under Rule 12(b)(6), the Court cannot consider matters outside of the pleadings, and must accept the allegations of the non-movant's pleadings as true[.]" Huling v. Franklin Collection Serv., Inc., 2016 WL 4803196, at *2 (N.D. Ga. Sept. 13, 2016).

pp. 8-9.) Rather, plaintiff cites to a District Court of Connecticut decision and a Ninth Circuit opinion that applied California law and contends that she can proceed against a John Doe defendant when a federal court is sitting in diversity jurisdiction. (Doc. 10-1, pp. 8-9.) However, this Court's jurisdiction is based on federal question <u>not</u> diversity, because plaintiff has brought claims under the United States Constitution. (Doc. 1.) Moreover, plaintiff alleges that she is a Georgia resident/citizen and does not allege that any of the defendants are citizens of a different state. (<u>Id.</u>) This Court is <u>not</u> sitting in diversity jurisdiction. The fictitious parties, therefore, should be dismissed.

**D.**     **Plaintiff's Claims Against Clayton County Are Subject to Dismissal**

    **1.**     **Federal Claims Are Subject To Dismissal For Failure To State A Claim Under <u>Monell</u>**

In their initial brief, defendants established that plaintiff's federal claims against Clayton Country are subject to dismissal because plaintiff does not allege that any of her constitutional rights were violated by anyone <u>employed</u> by the County. (Doc. 3-1, pp. 6-9.) Defendants also established that even if plaintiff has alleged a substantive violation, plaintiff still fails to allege sufficient facts to establish liability under <u>Monell</u>. (<u>Id.</u>) This is because plaintiff fails to allege through factual allegations any specific policy or custom of the County that was the moving force behind any constitutional violations, and this isolated incident is

insufficient to establish a custom or policy for purposes of liability under Section 1983. (Id.)

In her response, plaintiff cites to her complaint's references to "jailers and jail administrators, and agents," however, nowhere in plaintiff's complaint does she allege that any of her constitutional rights were violated by anyone employed by the County. (Doc. 10-1, p. 10.) As set forth in the initial brief, any jailer at the CCJ would be employed by the Sheriff, who as plaintiff admits is the supervisor over the CCJ. See Gilbert v. Richardson, 264 Ga. 744, 754, 452 S.E.2d 476, 484 (1994). Plaintiff also admits that it is the Sheriff who is "responsible for the daily operation of the jail which includes establishing and maintaining policies and procedures." (Doc. 10-1. p. 17.) In sum, jailers are employees of the Sheriff not the County.

Next, while plaintiff recognizes the standard under Monell and its progeny, plaintiff fails to rebut defendants' arguments that her complaint does not allege any specific policy or custom of the County that was the moving force behind any constitutional violations. (Doc. 10-1, pp. 11-15.) Plaintiff baldly contends that the County had "responsibilities and customs," but she fails to identify factually and with specificity any of the County's policies or customs, how they constituted deliberate indifference, or how they caused any of the alleged constitutional violations in this case. (Id., p. 14.) Plaintiff again cites to the powers and duties

set forth on the Clayton County website, which provides that the Board can exercise "control and management over the inmates of said county." However, even if the Court considers this website, which is outside of the pleadings, nothing on the website shows a custom or policy of the County that caused the alleged constitutional violations in this case.

Finally, plaintiff baldly contends that there have been over seventy "§ 1983 allegations brought against the defendant's [sic]" in what appears to be an effort to establish a practice of civil rights violations. (Doc. 10-1, p. 15.) However, plaintiff offers no context as to these seventy "allegations" and they appear nowhere in the complaint. Moreover, plaintiff doesn't contend that any of these prior allegations, whatever they are, have resulted in any finding that anyone's constitutional rights have been violated by a custom or practice of the County. Plaintiff's general and conclusory remark is insufficient to establish a "pattern of similar constitutional violations" for purposes of liability under Monell. See, e.g., Watkins v. Wilson, 824 F. App'x 938, 941 (11th Cir. 2020) ("a plaintiff ordinarily must show ***a pattern of similar constitutional violations*** by untrained employees because [w]ithout notice that a course of training is deficient in a particular respect, decisionmakers can hardly be said to have deliberately chosen a training program that will cause violations of constitutional rights.") (emphasis added). See also Hawk v. Klaetsch, 522 Fed. Appx. 733 (11th Cir. 2013) ("We fail to see how three

incidents over the span of nearly five years can constitute frequent, widespread, or rampant abuse."). For all of these reasons, plaintiff's Section 1983 claims against the County must be dismissed.

### 2. State Law Claims Barred By Sovereign Immunity

In their initial brief, defendants established that plaintiff's state law claims against the County are barred by sovereign immunity and that there is no legislative enactment in Georgia that waives this immunity under the circumstances alleged in this case. (Doc. 3-1, p. 10.) In response, plaintiff contends that her state law claims are covered by supplemental jurisdiction. (Doc. 10-1, pp. 15-16.) Plaintiff, however, does not address the County's entitlement to sovereign immunity whatsoever. (Id.) Therefore, the Court should find that plaintiff fails to meet his burden to establish a waiver of sovereign immunity. Spalding Cnty. v. Blanchard, 275 Ga. App. 448, 448, 620 S.E.2d 659, 660 (2005). Alternatively, the Court should find that plaintiff has abandoned her state law claims against the County. See Gore v. Jacobs Eng'g Grp., 706 F. App'x 981, 986 (11th Cir. 2017) (a plaintiff's "failure to brief and argue [an] issue during the proceedings before the district court is grounds for finding that the issue has been abandoned.").

### E. Plaintiff's Claims Against Sheriff Hill In His Official Capacity Are Subject To Dismissal[3]

Defendants established in their initial brief that plaintiff's Section 1983 and state law claims against Sheriff Hill in his official capacity are barred by Eleventh Amendment and sovereign immunity. (Doc. 3-1, pp. 11-13.) Plaintiff does not address the Eleventh Amendment or sovereign immunity whatsoever in her response. (Doc. 10-1, pp. 17-19.) Therefore, the Court should find that Sheriff Hill's entitlement to Eleventh Amendment and sovereign immunity is unopposed. Hooper v. City of Montgomery, 482 F. Supp. 2d 1330, 1334 (M.D. Ala. 2007) (concluding that a plaintiff's failure to respond to claims in a defendant's motion to dismiss resulted in dismissal of those claims as abandoned); Kramer v. Gwinnett County, Ga., 306 F. Supp. 2d 1219, 1221 (N.D. Ga. 2004) ("[A] party's failure to respond to any portion or claim in a motion indicates such portion, claim or defense is unopposed.") (emphasis added); Hudson v. Norfolk Southern Ry. Co., 209 F. Supp. 2d 1301, 1324 (N.D. Ga. 2001) (providing that "[w]hen a party fails to respond to an argument or otherwise address a claim, the Court deems such argument or claim abandoned"); cf. LR 7.1B ("Failure to file a response shall indicate that there is no opposition to the motion.").

---

[3] Sheriff Hill waived service of the summons and complaint in this action, and an executed waiver has been delivered to opposing counsel. Therefore, the Court has personal jurisdiction over Sheriff Hill.

To the extent plaintiff contends that O.C.G.A. § 15-16-24 operates as a waiver of the Sheriff's sovereign immunity, plaintiff's contention is misguided. That statute establishes the prerequisites for collecting under a sheriff's bond and does not provide a separate source of liability. Pelka v. Ware Cty., No. CV 516-108, 2017 U.S. Dist. LEXIS 161259, at *15 n.3 (S.D. Ga. Sep. 29, 2017). There is no legislative enactment in Georgia that waives sovereign immunity under the circumstances alleged in this case. Therefore, plaintiff's claims against Sheriff Hill in his official capacity are barred by Eleventh Amendment and sovereign immunity.

**F.  Plaintiff's Claims Against Sheriff Hill In His Individual Capacity Are Subject To Dismissal**

### 1.  Federal Claims Barred By Qualified Immunity

Defendants established in their initial brief that plaintiff's Section 1983 claims against Sheriff Hill in his individual capacity are barred by qualified immunity because plaintiff fails to allege an underlying constitutional violation by any Sheriff employee, a constitutional violation by Sheriff Hill, or any causal connection between any actions of the Sheriff and any constitutional violations in this case, and plaintiff cannot meet her burden to show a violation of clearly established law. (Doc. 3-1, pp. 13-20.)

In response, plaintiff does not refute the fact that she has alleged no constitutional violations by any Sheriff employee or by the Sheriff himself. (Doc.

10-1, pp. 17-19.) Plaintiff seeks to establish liability against the Sheriff merely because she contends that he "was responsible for the daily operation of the jail which includes establishing and maintaining policies and procedures." (Doc. 10-1. p. 17.)  However, plaintiff cannot hold the Sheriff liable under Section 1983 based on vicarious liability or respondeat superior.  Amnesty Int'l, USA v. Battle, 559 F.3d 1170, 1180 (11th Cir. 2009).  Moreover, the fact that the Sheriff has policies and procedures is insufficient in and of itself to establish liability.  Plaintiff must allege that the policies resulted in a deliberate indifference to plaintiff's constitutional rights.  Plaintiff fails to do so, and therefore, fails to establish a causal connection for purposes of supervisory liability.

Additionally, the Sheriff is entitled to qualified immunity because plaintiff fails to meet her burden of showing a violation of clearly established law.  Crosby v. Monroe Cnty., 394 F.3d 1328, 1332 (11th Cir. 2004).  In 2017, the Supreme Court observed:

> Today, it is again necessary to reiterate the longstanding principle that "clearly established law" should not be defined at a high level of generality. As this Court explained decades ago, the clearly established law must be "particularized" to the facts of the case. Otherwise, plaintiffs would be able to convert the rule of qualified immunity into a rule of virtually unqualified liability simply by alleging violation of extremely abstract rights.

White v. Pauly, 137 S. Ct. 548, 552 (2017).  The Eleventh Circuit repeated this important principle in Gaines v. Wardynski, 871 F.3d 1203, 1207 (11th Cir. 2017),

wherein the Eleventh Circuit reversed a district court for defining "clearly established law" at too high a level of generality.

In an attempt to meet her burden, plaintiff cites to Farmer v. Brennan, 511 U.S. 825 (1994); Helling v. McKinney, 509 U.S. 25 (1993); and Gold v. City of Miami, 151 F.3d 1346 (11th Cir. 1998) with very little case discussion or analysis. (Doc. 10-1, p. 19.) Plaintiff merely offers general quotes with no discussion about the particular facts of each case compared to the allegations by plaintiff in this case. (Id.) Nevertheless, none of these cases resemble, even remotely, the allegations and claims involved in this case. Therefore, they are each inapposite and plaintiff fails to meet her burden to overcome the Sheriff's qualified immunity.

**2.     State Law Claims Barred By Official Immunity**

Finally, in their initial brief, defendants established that plaintiff's state law claims against Sheriff Hill in his individual capacity are barred by official immunity because the complaint allegations establish that he was at all times performing discretionary functions without actual malice. (Doc. 3-1, pp. 20-23.) Plaintiff offers no response in opposition to this argument. (Doc. 10-1.) Therefore, the Court should find that Sheriff Hill's entitlement to official immunity is unopposed. Hooper, 482 F. Supp. 2d at 1334; Kramer, 306 F. Supp. 2d at 1221; Hudson, 209 F. Supp. 2d at 1324 LR 7.1B.

## II.  CONCLUSION

As shown above, as well as in defendants' initial brief, plaintiff's complaint should be dismissed.

**FREEMAN MATHIS & GARY, LLP**

*/s/ A. Ali Sabzevari*
Jack R. Hancock
Georgia Bar No. 322450
jhancock@fmglaw.com
A. Ali Sabzevari
Georgia Bar No. 941527
asabzevari@fmglaw.com

661 Forest Parkway, Suite E
Forest Park, Georgia 30297
(404) 366-1000 (telephone)
(404) 361-3223 (facsimile)

Attorneys for Defendants Clayton County, Clayton County Board of Commissioners, and Clayton County Sheriff Victor Hill

## **CERTIFICATE OF COMPLIANCE**

I hereby certify, pursuant to Local Rule 7.1(D), that the foregoing memorandum of law has been prepared in accordance with Local Rule 5.1(C) (Times New Roman font, 14 point).

This 28th day of February, 2022.

**FREEMAN MATHIS & GARY, LLP**

*/s/ A. Ali Sabzevari*
A. Ali Sabzevari
Georgia Bar No. 941527
asabzevari@fmglaw.com

661 Forest Parkway, Suite E
Forest Park, Georgia 30297
(404) 366-1000 (telephone)
(404) 361-3223 (facsimile)

## CERTIFICATE OF SERVICE

I hereby certify that I have this day electronically submitted the foregoing **REPLY BRIEF IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT** to the Clerk of Court using the CM/ECF system which will automatically send electronic mail notification of such filing to counsel of record who are CM/ECF participants:

Mitchell L. Albert III
Albert III & Associates LLC
3330 Cumberland Blvd.
Suite 500
Atlanta, GA 30339
Mitchell.albert@aiiiaa.com

This 28th day of February, 2022.

**FREEMAN MATHIS & GARY, LLP**

*/s/ A. Ali Sabzevari*
A. Ali Sabzevari
Georgia Bar No. 941527
asabzevari@fmglaw.com

661 Forest Parkway, Suite E
Forest Park, Georgia 30297
(404) 366-1000 (telephone)
(404) 361-3223 (facsimile)