## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

TIANA HILL,                              )
individually and as                      )
MOTHER and next friend of                )
baby D.H. her minor child                )
                                         )
                                         )          CIVIL ACTION FILE NO.:
                                         )          1:21-CV-05300-TWT
Plaintiffs,                              )
                                         )
v.                                       )
                                         )
CLAYTON COUNTY GEORGIA,                  )
CLAYTON COUNTY BOARD OF                  )
COMMISSIONERS,                           )
CLAYTON COUNTY SHERIFF                   )
VICTOR HILL in his official and          )
individual capacities,                   )
CORRECTHEALTH                            )
CLAYTON LLC,                             )
DR. CHARLES CLOPTON in his               )
official and individual capacities,      )
JOHN DOES in their official and          )
individual capacities                    )
                                         )
Defendants.                              )
_____)

## MEMORANDUM OF LAW IN SUPPORT OF
## PLAINTIFF'S OBJECTION TO DEFENDANT SHERIFF VICTOR HILL'S
## MOTION TO DISMISS PLAINTIFF'S COMPLAINT

## **INTRODUCTION**

How many babies must die for the constitution to protect one child? The death of one child is too many. Especially when the actions of a party create a known and foreseeable harmful condition.

The events that happened to Ms. Hill and Baby D.H. were foreseeable, predictable, and preventable.

In July of 2019 Plaintiff Ms. Tiana Hill was an inmate housed in Clayton County Jail. At that time Defendant Sheriff Victor Hill was the Sheriff of Clayton County Jail. It is without dispute that Defendant Sheriff Hill was in charge of the personnel and the operation of the facility.

During her intake at the Clayton County jail, Ms. Hill informed the jail admissions staff that she was pregnant. During her months of detention she repeatedly asked Sheriff Victor Hill's jail personnel for medical and prenatal care for her unborn child and herself. She was not provided any medical care from the jail staff.

Fully aware of Tiana Hill's pregnancy, the jail staff, under the direction of Sheriff Victor Hill, repeatedly and continuously denied medical care for several months to Tiana Hill. It is unimaginable torture for someone to be in a place in which

they have no control of their life or the life of their unborn child to be denied medical care.

Ms. Tiana Hill was forced to sit in a blood saturated pad in Defendant Sheriff Victor Hill's County jail.

Defendant Sheriff Victor Hill's jail treated Tiana Hill as if her baby D.H. was already dead.

As a result of the denial by Sheriff Victor Hill's staff Ms. Tiana was forced to give birth to her child baby D.H. in her panties

Baby D.H.  right to unreasonable seizure and right for a claim of deprivation of life pursuant to the Fourth, Eighth, and Fourteenth Amendments of the United States Constitution.

The Plaintiffs have placed the Defendant on notice that their denial of medical care to the then pregnant Tiana Hill was the cause of the death of baby D.H.

Defendant Sheriff Victor Hill was directly responsible for the care of the then inmate Tiana Hill.

Defendant Victor Hill has claimed that he is not responsible due to immunity. No immunity is absolute.

Defendant Sheriff Victor Hill's claim of singularity of human rights violation is without merit. The public history of Defendant Sheriff Victor Hill unfortunately shows that what happened to Ms. Hill and Baby D.H. were foreseeable, predictable, and preventable.

Defendant Sheriff Victor Hill was personally aware of the deficiencies in the Clayton County Jail as he was repeatedly informed by a Clayton County Health Care personnel of the perilous deficiencies.[1]

Defendant Sheriff Victor Hill has been the subject of numerous allegations of violating a person's civil rights[2].

Defendant Sheriff Victor Hill is now the subject of a federal indictment for civil rights violations[3].

The Defendant has provided hypothetical reasons for dismissal of the Plaintiffs Complaint, however he has not provided any concrete evidence whatsoever to support his claims and/or hypotheticals.

---

[1] Affidavit of former Clayton County jail health care provider. Exhibit A
[2] List of 42 U.S.C. § 1983 Claims against defendants. Exhibit B
[3] Defendant Sheriff Victor Hill indictment for civil rights violations. Exhibit C

There are two parties in this case who are entitled to constitutional protection. Baby D.H. under the Fourteenth Amendment and Tiana Hill under the Eighth Amendment. (review amendments)

The Defendant's argument is that he is immune from Plaintiff's Claims of liability because of sovereign immunity, official immunity, and qualified immunity. However, it is the actions of a that party dictate whether or not they are entitled to immunity. In this case the actions of Defendant Sheriff Victor Hill show that he acted in violation of the constitutional law and state law as well as acting with deliberate indifference, violating his ministerial duties which caused the death of baby D.H. inflicting severe physical and emotional trauma on Ms. Tiana Hill.

Defendant Victor Hill has claimed that he is not responsible due to immunity. No immunity is absolute.

A dispute of the facts is a matter for the jury not a summary dismissal of the case.

## I.     **Argument and Citation to Authority**

### **Standard of Review**

The purpose of a complaint is to put Defendants on notice of claims against them.   "A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure is designed to eliminate counts or complaints that fail to state a claim upon which relief can be granted. As such the court must accept all allegations of the

complaint as true and construe those allegations in the light most favorable to the plaintiff. See Lopez v. First Union National Bank of Florida, 129 F.3d 1186, 1189 (11th Cir. 1997); Webb v. Town Council of Town of Hilliard, 766 So. 2d 1241, 1243 (Fla. 1st DCA 2000). A count may not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of her claim that would entitle her to relief. See Lopez, 129 F.3d at 1189. "The threshold of sufficiency that a complaint must meet to survive a motion to dismiss is exceedingly low." Quality Foods de Centro America, S.A. v. Latin American Agribusiness Dev. Corp., S.A., 711 F.2d 989, 995 (11th Cir. 1983).  Jakubiec v. Sacred Heart Health Sys., Nos. 3:04CV274/MCR/MD, 3:04CV276/MCR/MD, 2005 U.S. Dist. LEXIS 12144, at *6-9 (N.D. Fla. May 26, 2005)

Federal Rule of Civil Procedure 8(a)(2) requires that a complaint provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 8's pleading standard "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964, 167 L. Ed. 2d 929 (2007)). A complaint that provides "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" is not adequate to survive a Rule 12(b)(6) motion to dismiss. *Twombly*, 550 U.S. at 555, 127 S. Ct. at 1965. Rather, "[t]o survive . . . a

complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 570, 127 S. Ct. at 1974). A facially plausible claim must allege facts that are more than merely possible. *Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949. Factual allegations that are "'merely consistent with' a defendant's liability" fall short of being facially plausible. *Id*. at 678, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 557, 127 S. Ct. at 1966). The plausibility standard "calls for enough fact to raise a reasonable expectation that discovery will reveal evidence" of the defendant's liability. *Twombly*, 550 U.S. at 556, 127 S. Ct. at 1965. Chaparro v. Carnival Corp., 693 F.3d 1333, 1337 (11th Cir. 2012)

## II.   The claims against Sheriff Hill in His Official Capacity are not barred by Eleventh Amendment immunity and state law claims barred by sovereign immunity.

Defendant Sheriff Victor Hill wearing the hat of caretaker of inmates and providing medical assistance is not shielded by the Eleventh Amendment.

"Having applied the Eleventh Amendment factors, we conclude that Sheriff Peterson in his official capacity is an arm of the State, not Clinch County, in establishing use-of-force policy at the jail and in training and disciplining his deputies in that regard. **52** Therefore, Sheriff Peterson is entitled to Eleventh Amendment immunity

in this case. **53 *We need not answer, and do not answer, today whether Sheriff Peterson wears a "state hat" for any other functions he performs. We conclude only that he does as to the limited functions at issue in this case.***

Manders v. Lee, 338 F.3d 1304, 1328 (11th Cir. 2003)"

Eleventh Amendment immunity is as applicable with respect to training and discipline not with respect to health care of inmates.

A State can waive their immunity from suit. Georgia has waived the immunity of a County Sheriff from suit by O.C.G.A. § 15-16-24.

**III.   Ms. Tiana Hill and baby D.H. federal claims against Defendant Sheriff Victor Hill in his individual capacity are not barred by qualified immunity and state law claims are not barred by official immunity.**

When a party acts in violation of the of constitution they are not entitled to the defense of qualified immunity.

"*Held:* The defense of qualified immunity was precluded at the summary judgment phase. Pp. 4-17.

(a) Hope's allegations, if true, establish an Eighth Amendment violation. Among the "'unnecessary and wanton' inflictions of pain [constituting cruel and unusual punishment forbidden by the Amendment] are those that are 'totally without

penological justification.'" *Rhodes* v. *Chapman,* 452 U.S. 337, 346, 69 L. Ed. 2d 59, 101 S. Ct. 2392. This determination is made in the context of prison conditions by ascertaining whether an official acted with "deliberate indifference" to the inmates' health or safety, *Hudson* v. *McMillian,* 503 U.S. 1, 8, 117 L. Ed. 2d 156, 112 S. Ct. 995, a state of mind that can be inferred from the fact that the risk of harm is obvious, *Farmer* v. *Brennan,* 511 U.S. 825, 128 L. Ed. 2d 811, 114 S. Ct. 1970. The Eighth Amendment violation here is obvious on the facts alleged… Despite the clear lack of emergency, respondents knowingly subjected him to a substantial risk of physical harm, unnecessary pain, unnecessary exposure to the sun, prolonged thirst and taunting, and a deprivation of bathroom breaks that created a risk of particular discomfort and humiliation. Pp. 4-7.

(b) Respondents may nevertheless be shielded from liability for their constitutionally impermissible conduct if their actions did not violate "clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow* v. *Fitzgerald,* 457 U.S. 800, 818, 73 L. Ed. 2d 396, 102 S. Ct. 2727. In its assessment, the Eleventh Circuit erred in requiring that the facts of previous cases and Hope's case be "materially similar." Qualified immunity operates to ensure that before they are subjected to suit, officers are on notice that their conduct is unlawful. Officers sued in a § 1983 civil action have the same fair notice right as do defendants charged under 18 U.S.C. § 242, which makes it a crime for a state official

to act willfully and under color of state to deprive a person of constitutional rights. This Court's opinion in *United States* v. *Lanier,* 520 U.S. 259, 137 L. Ed. 2d 432, 117 S. Ct. 1219, a § 242 case, makes clear that officials can be on notice that their conduct violates established law even in novel factual situations. Indeed, the Court expressly rejected a requirement that previous cases be "fundamentally similar." Accordingly, the salient question that the Eleventh Circuit should have asked is whether the state of the law in 1995 gave respondents fair warning that Hope's alleged treatment was unconstitutional. Pp. 7-10.

(c) A reasonable officer would have known that using a hitching post as Hope alleged was unlawful."

Hope v. Pelzer, 536 U.S. 730, 733, 122 S. Ct. 2508, 2512 (2002)"

A reasonable Sheriff would have known that denial of medical care as stated by Ms. Hill and baby D.H. was unlawful.

"In resolving questions of qualified immunity at summary judgment, courts engage in a two-pronged inquiry. The first asks whether the facts, "[t]aken in the light most favorable to the party asserting the injury, . . . show the officer's conduct violated a [federal] right[.]" *Saucier* v. *Katz*, 533 U. S. 194, 201, 121 S. Ct. 2151, 150 L. Ed. 2d 272 (2001)…

The second prong of the qualified-immunity analysis asks whether the right in question was "clearly established" at the time of the violation. *Hope* v. *Pelzer*, 536 U. S. 730, 739, 122 S. Ct. 2508, 153 L. Ed. 2d 666 (2002).

Tolan v. Cotton, 572 U.S. 650, 655-57, 134 S. Ct. 1861, 1865-66 (2014)

It is without question that denying medical care which causes the death of a child is a violation of the constitutional protections of life against cruel and unusual punishment.

"Qualified immunity "protects government officials 'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" Pearson v. Callahan, 555 U.S. 223, 129 S. Ct. 808, 815, 172 L. Ed. 2d 565 (2009) (quoting Harlow v. Fitzgerald, 457 U.S. 800, 818, 102 S. Ct. 2727, 73 L. Ed. 2d 396 (1982)). This circuit follows a two-step analysis under Pearson in discerning whether defendants are entitled to qualified immunity. We ask "(1) whether the facts alleged or shown by the plaintiff make out a violation of a constitutional right; and (2) if so, whether the right was 'clearly established' at the time of the defendant's alleged violation." Maldonado v. Fontanes, 568 F.3d 263, 269 (1st Cir. 2009)…

…This objective test does not establish that "an official action is protected by qualified immunity unless the very action in question has previously been held

unlawful." <u>Anderson</u>, 483 U.S. at 640. The Supreme Court has made clear that "officials can still be on notice that their conduct violates established law even in novel factual circumstances." <u>Hope v. Pelzer</u>, 536 U.S. 730, 741, 122 S. Ct. 2508, 153 L. Ed. 2d 666 (2002) (citing <u>United States v. Lanier</u>, 520 U.S. 259, 117 S. Ct. 1219, 137 L. Ed. 2d 432 (1997)). Nonetheless, unlawfulness must be apparent in light of pre-existing law at the time of the alleged violation. <u>Anderson</u>, 483 U.S. at 640. The content of clearly settled law and the belief of a reasonable officer under the circumstances are questions appropriately addressed by courts before trial, where possible. <u>See Hunter v. Bryant</u>, 502 U.S. 224, 227-28, 112 S. Ct. 534, 116 L. Ed. 2d 589 (1991); <u>Cox v. Hainey</u>, 391 F.3d 25, 29 (1st Cir. 2004)."

<u>Lopera v. Town of Coventry</u>, 640 F.3d 388, 396-97 (1st Cir. 2011)

" "Deliberate indifference requires the following: (1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than gross negligence." <u>Keith</u>, 749 F.3d at 1047 (quotation omitted). Again, there is evidence that Sheriff Conway received criticisms of the RRT and watched many videos of RRT incidents. Lt. Cofer, the former head of the RRT, warned Sheriff Conway that he believed unnecessary force was being used. And Sheriff Conway said that at least some others in the Sheriff's office had raised these concerns as well. There is therefore a material question of fact about whether Sheriff Conway was on notice of

a risk of serious harm, disregarded it, and did so by conduct that is more than gross negligence."

Shuford v. Conway, 666 F. App'x 811, 819 (11th Cir. 2016)

Ms. Tiana Hill has shown that Defendant Victor Hill had personal knowledge of the jail deficiencies, that he disregarded the deficiencies, and that the conduct was more than gross negligence…

"A plaintiff can show the constitutional right violated was clearly established in three different ways: (1) case law with indistinguishable facts clearly establishing the constitutional right; (2) a broad statement of principle within the Constitution, statute, or case law that clearly establishes a constitutional right; or (3) conduct so egregious that a constitutional right was clearly violated, even in the total absence of case law. Lewis v. City of W. Palm Beach, 561 F.3d 1288, 1291-92 (11th Cir. 2009); see also Hope v. Pelzer, 536 U.S. 730, 743, 122 S. Ct. 2508, 2517, 153 L. Ed. 2d 666 (2002) (noting that the reasoning of this Circuit's holdings, even if a case did not involve the same precise facts, sends a sufficient message to reasonable officers in this Circuit for the purposes of the "clearly established analysis")."

Shuford v. Conway, 666 F. App'x 811, 817 (11th Cir. 2016)

The actions and inactions of Defendant Sheriff Victor Hill lead to the loss of life and cruel and unusual punishment in violation of constitutional law.

13

## IV.    Official immunity is not applicable to Defendant Sheriff Victor Hill.

Defendant Sherriff Victor Hill is liable under state law as well as federal law.

The Official Code of Georgia § 15-16-24 states:

> "Sheriffs are liable for the misconduct of their jailers as they are liable
> for their deputies; and persons injured by a jailer have the same option
> in bringing an action on the jailer's bond that they have in bringing an
> action on the deputy's bond, provided that the sheriff shall not be liable
> for such misconduct and no claim or cause of action against the sheriff
> for such misconduct shall exist unless one of the following conditions
> exists:
>
> **(1)** The sheriff personally benefited financially from the act complained
> of;
>
> **(2)** The sheriff was personally aware of and had actual knowledge of
> the act complained of and had actual knowledge that the act was illegal,
> was contrary to law, or was the breach of a duty imposed by law and
> either acted to cause or failed to prevent the act complained of; or
>
> **(3)** The sheriff failed to exercise ordinary care and diligence to prevent
> the condition or act which proximately caused the injury complained
> of."

The care of inmates is also addressed in O.C.G.A. § 15-16-10:

"…it shall be the duty of the sheriffs of such counties to receive, confine, feed, and care for all persons charged with the violation of any ordinances of such counties in the same manner as persons charged with an indictable offense…"

Ms. Hill and baby D.H. are also entitled to relief in accordance with federal law.

"It is not necessary to establish actual harm to demonstrate a violation of the Constitution. See Farmer v. Brennan, 511 U.S. 825, 845, 114 S. Ct. 1970, 128 L. Ed. 2d 811 (1994). Rather, Defendants are required to "protect . . . [Jail inmates] against sufficiently imminent dangers as well as current [harm]." Helling v. McKinney, 509 U.S. 25, 34, 113 S. Ct. 2475, 125 L. Ed. 2d 22 (1993). "It would be odd to deny [relief] to [a litigant] who plainly proved an unsafe, life-threatening condition in [a] prison on the ground that nothing yet had happened to [the inmates]." Helling, 509 U.S. at 33. Deliberate indifference can be established by showing that Defendants knew of a need to take action but consciously chose not to do so. See Gold v. City of Miami, 151 F.3d 1346, 1350 (11th Cir. 1998).

United States v. Terrell Cty., 457 F. Supp. 2d 1359, 1367 (M.D. Ga. 2006)

The claims against Defendant Sheriff Victor Hill are valid, subject to litigation and should not be dismissed.

## V.     The denial of medical care by Defendant Sheriff Victor Hill was Deliberate Indifference.

"Defendants' alleged conduct specifically violates the Constitution because they display deliberate indifference to inmates' basic needs. See Kelley v. Hicks, 400 F.3d 1282, 1284 (11th Cir. 2005)(per curiam) (applying deliberate indifference standard to medical care); Johnston v. Crosby, 135 Fed. Appx. 375, 376-77 (11th Cir. 2005) (per curiam) (protection from harm); Chandler v. Crosby, 379 F.3d 1278, 1289 (11th Cir. 2004) (environmental health and safety); Hadix v. Johnson, 367 F.3d 513, 525 (6th Cir. 2004) (fire safety). To establish deliberate indifference to constitutional rights, the Government must prove: (1) the existence of an objectively serious condition; (2) that Defendants have subjective knowledge of a substantial risk of serious harm to the inmates arising from that condition; and, (3) that Defendants' disregard of the risk is more than negligent. Brown v. Johnson, 387 F.3d 1344, 1351 (11th Cir. 2004).

It is not necessary to establish actual harm to demonstrate a violation of the Constitution. See Farmer v. Brennan, 511 U.S. 825, 845, 114 S. Ct. 1970, 128 L. Ed. 2d 811 (1994). Rather, Defendants are required to "protect . . . [Jail inmates] against

sufficiently imminent dangers as well as current [harm]." <u>Helling v. McKinney</u>, 509

U.S. 25, 34, 113 S. Ct. 2475, 125 L. Ed. 2d 22 (1993). "It would be odd to deny

[relief] to [a litigant] who plainly proved an unsafe, life-threatening condition in [a]

prison on the ground that nothing yet had happened to [the inmates]." <u>Helling</u>, 509

U.S. at 33. Deliberate indifference can be established by showing that Defendants

knew of a need to take action but consciously chose not to do so. <u>See</u> <u>Gold v. City</u>

<u>of Miami</u>, 151 F.3d 1346, 1350 (11th Cir. 1998). Where, as alleged in the

present case, there are "institutional level challenges to [Jail conditions], systemic

deficiencies can provide the basis for a finding of deliberate indifference." <u>Harris v.</u>

<u>Thigpen</u>, 941 F.2d 1495, 1505 (11th Cir. 1991). In reviewing conditions at the Jail,

this Court should examine the totality of the circumstances to determine if a

constitutional violation has occurred. <u>Wilson v. Blankenship</u>, 163 F.3d 1284, 1292

(11th Cir. 1998).

<u>United States v. Terrell Cty.</u>, 457 F. Supp. 2d 1359, 1367 (M.D. Ga. 2006)

## VI.    State law claims covered by Federal Supplemental jurisdiction

Ms. Hill's state law claims are valid as they are covered by Federal

Supplemental Jurisdiction.

Subsection (a) of § 1367 provides that a district court

has supplemental jurisdiction "over all claims that are so related to

claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). The Eleventh Circuit has observed that "a district court has the power to exercise supplemental jurisdiction over all claims that 'arise out of a common nucleus of operative fact with a substantial federal claim.'" Tamiami Partners, Ltd. v. Miccosukee Tribe of Indians of Fla., 177 F.3d 1212, 1223 (11th Cir. 1999). Jakubiec v. Sacred Heart Health Sys., Nos. 3:04CV274/MCR/MD, 3:04CV276/MCR/MD, 2005 U.S. Dist. LEXIS 12144, at *22 (N.D. Fla. May 26, 2005)

## VII. Sheriff Victor Hill is liable in accordance with State and Federal law.

Defendant Sherriff Victor Hill at all times relevant to this litigation was the Sheriff in charge of the Clayton County Jail. The county sheriff is responsible for the custody, safety and health, of all inmates. Sherriff Victor Hill was responsible for the daily operation of the jail which includes establishing and maintaining policies and procedures for the care and safety of all prisoners.

The Defendant's claims or not based on facts from this case.

The Defendant's at no time dispute that Ms. Hill was an inmate at the Clayton County Jail. The constitutional rights violation to Ms. Hill occurred over the several

months of her incarceration at the jail.  Those depravation of rights lead to the death of baby D.H.  The violative customs and policies of refusing to provide care is evidenced by the months the jail refused to provide medical and/or prenatal care to the Plaintiffs and that refusal is the direct cause of the death of baby D.H.

Defendant Sherriff Victor Hill is liable under state law as well as federal law. The Official Georgia of Georgia § 15-16-24 states:

"Sheriffs are liable for the misconduct of their jailers as they are liable for their deputies; and persons injured by a jailer have the same option in bringing an action on the jailer's bond that they have in bringing an action on the deputy's bond, provided that the sheriff shall not be liable for such misconduct and no claim or cause of action against the sheriff for such misconduct shall exist unless one of the following conditions exists:

**(1)** The sheriff personally benefited financially from the act complained of;

**(2)** The sheriff was personally aware of and had actual knowledge of the act complained of and had actual knowledge that the act was illegal, was contrary to law, or was the breach of a duty imposed by law and either acted to cause or failed to prevent the act complained of; or

**(3)** The sheriff failed to exercise ordinary care and diligence to prevent the condition or act which proximately caused the injury complained of."

The care of inmates is also addressed in O.C.G.A. § 15-16-10:

"…it shall be the duty of the sheriffs of such counties to receive, confine, feed, and care for all persons charged with the violation of any ordinances of such counties in the same manner as persons charged with an indictable offense…"

Ms. Hill and baby D.H. are also entitled to relief in accordance with federal law.

"It is not necessary to establish actual harm to demonstrate a violation of the Constitution. See Farmer v. Brennan, 511 U.S. 825, 845, 114 S. Ct. 1970, 128 L. Ed. 2d 811 (1994). Rather, Defendants are required to "protect . . . [Jail inmates] against sufficiently imminent dangers as well as current [harm]." Helling v. McKinney, 509 U.S. 25, 34, 113 S. Ct. 2475, 125 L. Ed. 2d 22 (1993). "It would be odd to deny [relief] to [a litigant] who plainly proved an unsafe, life-threatening condition in [a] prison on the ground that nothing yet had happened to [the inmates]." Helling, 509 U.S. at 33. Deliberate indifference can be established by showing that Defendants knew of a need to take action

but consciously chose not to do so. See Gold v. City of Miami, 151 F.3d 1346, 1350 (11th Cir. 1998).

United States v. Terrell Cty., 457 F. Supp. 2d 1359, 1367 (M.D. Ga. 2006)

The claims against Defendant Sheriff Victor Hill are valid, subject to litigation and should not be dismissed.

## VIII.   Attorney's Fees and Punitive damages and Attorney's Fees Are Warranted.

 The dismissal of attorney fees and punitive damages is unwarranted.

The Plaintiff's claims lie in state and federal law.  The merits of the Plaintiffs' claims have not been decided by a jury. Punitive damages are allowable depending upon the verdict returned by the jury.

Attorney's fees are authorized by law.

42 U.S.C. § 1988(b) provides that a court, "in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs" "[i]n any action or proceeding to enforce a provision" of various federal civil rights statutes, including 42 U.S.C. §1983. "

Douglas v. Smelosky, No. 3:10-cv-1464-GPC-BGS, 2015 U.S. Dist. LEXIS 162472, at *3-4 (S.D. Cal. Dec. 3, 2015)

Dismissal of the claims for punitive damages and attorney's fees would be unfairly prejudicial.

"The County also seeks to strike Plaintiff's claim for attorney's fees, asserting that "[t]here are no provisions allowing for recovery of attorney's fees under § 1983." (Doc. 26 at 8). The County is mistaken. As specifically noted by the Plaintiff in the Complaint (see Doc. 1 at 6), these fees are sought pursuant to 42 U.S.C. § 1988, which provides that "[i]n any action or proceeding to enforce a provision of sections 1981, 1981(a), 1982, 1983, 1985, and 1986 of this title . . . the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs." 42 U.S.C. § 1988(b). The County's motion to strike the Plaintiff's claim for attorney's fees thus should be denied.

Bridges v. Seminole Cty., No. 6:07-cv-1010-Orl-28DAB, 2008 U.S. Dist. LEXIS 16970, at *19-20 (M.D. Fla. Mar. 5, 2008)"

The Plaintiff's claims lie in state and federal law.  The merits of the Plaintiffs' claims have not been decided by a jury. Attorney's fees and punitive damages are allowable depending upon the verdict returned by the jury.

The claims made by the Defendants do not have any case specific factual support and should be denied.

## **Conclusion**

The plaintiffs have provided concrete evidence to support their claims. While the Defendant has provided hypothetical reasons for dismissal of Plaintiffs' claims, the plaintiffs have provided concrete evidence to support their claims.

The claims made by the Defendants do not have any case specific factual support and should be denied.

The Defendants seek to deny the Plaintiff's the benefit of discovery. Discovery will provide the plaintiff's further evidence which will further support their claims.

Ms. Hill and baby D.H. have suffered incredible pain and distress. There are no case specific facts which warrant dismissal of any claim herein.  They deserve their day in court. There has been no discovery.  Pre litigation privacy restrictions prevent access to relevant information. In discovery the Plaintiffs will be able to further substantiate their claims by obtaining the particulars of the policies and customs inside the Clayton County Jail as commanded by Defendant Sheriff Victor Hill.

For the all of the reasons set out above the Plaintiffs' request that  Defendant Sheriff Victor Hill's Motion to Dismiss Plaintiffs' Complaint be denied.

Respectfully submitted this the 31st day of March 2022.


/s/ Mitchell L. Albert III
Mitchell L. Albert III
Attorney for Plaintiff
Georgia Bar No.: 307196


Albert III & Associates LLC
3330 Cumberland Blvd.
Suite 500
Atlanta, GA 30339
Telephone (770) 675-6749
Fax (404) 601-6041

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that I, Mitchell L. Albert III, have this day electronically submitted the forgoing served the foregoing **<u>MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S OBJECTION TO DEFENDANT SHERIFF VICTOR HILL'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT</u>** to the Clerk of Court using the CM/ECF system which will automatically send electronic mail notification of such filing to counsel of record who are CM/ECF participants:

A. Ali Sabzevari
Freeman Mathis & Gary, LLP
661 Forest Parkway, Suite E
Forest Park, Georgia 30297
asabzevari@fmglaw.com

Alison Lee Currie
Lavender Hoffman Alderman, LLC
945 East Paces Ferry Road
Suite 2000
Atlanta, GA 30326
alison.currie@lhalawyers.com

Respectfully submitted this the 31st day of March, 2022.

/s/ Mitchell L. Albert III
Mitchell L. Albert III
Attorney for Plaintiff
Georgia Bar No.: 307196

Albert III & Associates LLC
3330 Cumberland Blvd.
Suite 500
Atlanta, GA 30339
Telephone (770) 675-6749
Fax (404) 601-6041
mitchell.albert@aiiiaa.com