IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| TIANA HILL, individually and as MOTHER and next friend of baby D.H. her minor child, | ) ) ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | CIVIL ACTION FILE NO.: |
| v. | ) | 1:21-CV-05300-TWT |
| | ) | |
| CLAYTON COUNTY GEORGIA, CLAYTON COUNTY BOARD OF COMMISSIONERS, CLAYTON COUNTY SHERIFF VICTOR HILL in his official and individual capacities, CORRECTHEALTH CLAYTON LLC, DR. CHARLES CLOPTON in his official and individual capacities, JOHN DOES in their official and individual capacities, | ) ) ) ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) ) | |

**DEFENDANT SHERIFF VICTOR HILL'S REPLY TO PLAINTIFF'S
OBJECTION TO MOTION TO DISMISS**

Defendant Clayton County Sheriff Victor Hill in his official and individual capacities (hereinafter "Sheriff Hill"), by and through the undersigned counsel of record, hereby files this reply in support of his motion to dismiss plaintiff's complaint and in response to plaintiff's objection (Docs. 23 and 23-1 through 4), showing the Court as follows:

## I.   __INTRODUCTION__

This is a Section 1983 civil rights lawsuit filed by plaintiff Tiana Hill individually and as the mother of her minor child ("plaintiff").  (Doc. 1.)  Plaintiff alleges that on September 19, 2019, she began her incarceration as a pregnant inmate at the Clayton County Jail ("CCJ").  (Id., ¶¶ 13, 14.)  Plaintiff alleges that she repeatedly requested prenatal care, but received "no medical attention for her pregnancy."  (Id., p. 2 and ¶ 15.)  After over three months at the CCJ, on December 29, 2019, plaintiff went into labor and was admitted to the infirmary where it was suspected that she had a miscarriage.  (Id., p. 2 and ¶¶ 17-22.)  Plaintiff gave birth the following day on December 30, 2019 and was transferred to Southern Regional Hospital where she alleges that her baby died a few days later.  (Id., ¶¶ 23-25.)

Based on the foregoing, plaintiff now brings this action against Clayton County (the "County"), Clayton County Board of Commissioners, and Sheriff Victor Hill ("Sheriff Hill") in his individual and official capacity (collectively the "Clayton Defendants"), as well as against CorrectHealth Clayton, LLC, Dr. Charles Clopton, and "John Does," seeking to hold everyone liable for the alleged wrongful death of her baby and associated distress.  (Id.)

Under Section 1983, plaintiff alleges violations under the Fourth, Eighth, and Fourteenth Amendments against all defendants.  (Id., Count I.)  Plaintiff also asserts state law claims against all defendants for wrongful death under O.C.G.A. §

51-4-4 (Count II), intentional infliction of emotional distress (Count III), medical malpractice (Count IV), failure to "provide needed medical and hospital attention" under O.C.G.A. § 42-5-2 (Count V), and "liability for ratifying acts" under O.C.G.A. § 51-1-2 (Count VI).  Based on these claims, plaintiff seeks compensatory and general damages as well as punitive damages and attorney's fees under Section 1988 and state law.  (Id., Prayer for Relief.)

On January 25, 2022, Defendants Clayton County, Clayton County Board of Commissioners, and Sheriff Hill filed a motion to dismiss plaintiff's complaint, which has been fully briefed and is ripe for a ruling.  (Docs. 3, 3-1, 10, 10-1, and 12.)  Plaintiff filed a response, albeit untimely, on February 14, 2022.  (Doc. 10.)  And on February 28, 2022, defendants filed their reply brief.  (Doc. 12.)  The filing of defendants' reply brief concluded the briefing on the motion to dismiss.[1]

---

[1] Procedurally, Sheriff Hill's motion was filed prior to plaintiff perfecting service of process on him, as stated in footnote 1 of the memorandum of law in support of the motion.  (Doc. 3-1, fn. 1.)  Subsequent to the filing of the motion, Sheriff Hill agreed to waive service, and plaintiff filed the waiver with the Court.  (Doc. 19.)  As a result, the clerk's docket notice provided a response due date for Sheriff Hill of March 21, 2022.  (Id.)  Although Sheriff Hill had already filed a Rule 12(b) motion to dismiss the complaint on January 25, 2022, in an abundance of caution, Sheriff Hill filed a motion to dismiss on March 18, 2022 whereby he incorporated all arguments and citations of authority in his briefing on the previously filed motion.  (Doc. 20.)  Sheriff Hill's motion was indeed superfluous as it merely incorporated his prior motion and raised no new arguments whatsoever.  (Id.)  Sheriff Hill's motion was filed merely to avoid any appearance of a default on the record in light of the clerk's docket notice setting forth a response date.

On March 31, 2022, plaintiff filed "Plaintiff's Objection to Defendant Sheriff Victor Hill's Motion to Dismiss Plaintiff's Complaint" (Doc. 23 and 23-1 through 4).   Plaintiff's objection is twenty-five pages in length and addresses grounds for dismissal already fully briefed by the parties.   (Docs. 3-1, 10, and 12.) By virtue of her filing, plaintiff is now attempting to get a second shot at defendants' motion to dismiss without any justifiable reason and without seeking leave to do so.   Plaintiff's filing constitutes an unauthorized sur-reply brief in opposition to defendants' motion to dismiss and Sheriff Hill has filed a motion to strike same. (Doc. 24.)

In the event the Court denies Sheriff Hill's motion to strike and considers plaintiff's improper filing, Sheriff Hill files this reply brief in further support of his motion to dismiss and to substantively address the contentions raised in plaintiff's brief.  As shown in the briefing in the record and further below, plaintiff's claims against Sheriff Hill are subject to dismissal for several reasons.   *First*, all of plaintiff's claims against Sheriff Hill in his official capacity are barred by Eleventh Amendment immunity and her state law claims are barred by sovereign immunity. *Second*, plaintiff's federal claims against Sheriff Hill in his individual capacity are barred by qualified immunity and her state law claims against him are barred by official immunity.   *Finally*, plaintiff's claims for punitive damages and attorney's fees are subject to dismissal because the underlying claims fail, Sheriff Hill in his

official capacity are immune from punitive damages, and plaintiff's claim for punitive damages is otherwise subject to dismissal for failure to state a claim. For these reasons, plaintiff's complaint should be dismissed. [2]

## II.    ARGUMENT AND CITATION OF AUTHORITY

### A.    Plaintiff's Claims Against Sheriff Hill In His Official Capacity Are Subject To Dismissal

#### 1.    Eleventh Amendment Immunity

Sheriff Hill established in his initial brief that plaintiff's Section 1983 and state law claims against Sheriff Hill in his official capacity are barred by the Eleventh Amendment. (Doc. 3-1, pp. 11-13.) In her response, plaintiff contends, without any supporting authority, that Eleventh Amendment immunity is not applicable with respect to the health care of inmates. (Doc. 23-1, p. 8.)

Turning to plaintiff's complaint, plaintiff does not actually allege that anyone employed by the Sheriff or the Sheriff himself failed to provide medical care to plaintiff. (Doc. 1.) In fact, plaintiff has named Correcthealth Clayton LLC

---

[2] In the introduction section of her brief, plaintiff sets forth allegations that are nowhere in the complaint and also fails to cite to any paragraphs of the complaint. (Compare Doc. 23-1, pp. 2-5 with Doc. 1, ¶¶ 12-28.) Additionally, plaintiff has attached exhibits to her brief that are not attached to the compliant. (Docs. 23-2, 23-3, and 23-4.) Sheriff Hill objects to the Court's consideration of the exhibits attached to plaintiff's brief and any allegations raised in the response that are not contained in the complaint. "When evaluating a motion to dismiss under Rule 12(b)(6), the Court cannot consider matters outside of the pleadings, and must accept the allegations of the non-movant's pleadings as true[.]" Huling v. Franklin Collection Serv., Inc., 2016 WL 4803196, at *2 (N.D. Ga. Sept. 13, 2016).

and Dr. Charles Clopton as defendants in this action.  (Id.)  As for Sheriff Hill, plaintiff alleges in the complaint that he "supervise[es] the jail" and his "policies" – without identifying any – somehow  caused plaintiff and her baby suffering and her baby's death and deprived her and her baby of their civil rights.  (Doc. 1, p. 3 and ¶¶ 31-33, 35, 37, 39, 42, and 44.) To that end, the Eleventh Circuit has held that a Sheriff "functions as an arm of the State—not of [a] County—when promulgating policies and procedures governing [the] conditions of confinement" in county jails.  Purcell ex rel. Estate of Morgan v. Toombs Cty., 400 F.3d 1313, 1325 (11th Cir. 2005). All of plaintiff's claims against Sheriff Hill implicate law enforcement functions where the Sheriff acts as an "arm of the state."  See, e.g., Manders v. Lee, 338 F.3d 1304, 1308 (11th Cir. 2003) (holding Georgia sheriffs act as "state officers" in establishing and administering jail policies); Young v. Graham, No. CV 304-066, 2005 U.S. Dist. LEXIS 20882 (S.D. Ga. Aug. 11, 2005) (concluding Sheriff of Dodge County sued in official capacity regarding establishment and implementation of policies and procedures regarding pre-trial detention and conditions of confinement entitled to Eleventh Amendment immunity).  Accordingly, the Eleventh Amendment bars all of plaintiff's official capacity claims against Sheriff Hill.

To the extent plaintiff's complaint is construed to allege claims against Sheriff Hill for failing to provide medical care at the CCJ, any such claim would

still be barred by the Eleventh Amendment.  For a time, district courts in the Eleventh Circuit agreed that a sheriff does not act as an arm of the state when providing medical care for inmates in the county jail. See, e.g., Lewis v. Whisenant, No. 5:15-CV-77, 2016 U.S. Dist. LEXIS 105079, 2016 WL 4223721, at *5 (S.D. Ga. Aug. 9, 2016) (collecting cases). But in late 2016, the Eleventh Circuit held that sheriffs are "arms of the state" in providing food to inmates, analogizing that function to the provision of medical services—which, the court suggested, was also a state function. Lake v. Skelton, 840 F.3d 1334, 1340-41 (11th Cir. 2016).  Since then, district courts have (apparently unanimously) followed Lake's reasoning and concluded that a sheriff is an arm of the state (along with his deputies) when providing medical services to inmates.[3]

---

[3] See, e.g., Palmer v. Correct Care Sols., LLC, 291 F. Supp. 3d 1357, 1366 (M.D. Ga. 2017) ("[T]he Eleventh Circuit's decision in Lake I requires the Court to conclude, for purposes of Eleventh Amendment immunity, that Sheriff Darr and Commander Collins acted as arms of the State in providing medical care to Muscogee County jail detainees."); Brooks v. Wilkinson Cty., 393 F. Supp. 3d 1147, 1160 (M.D. Ga. 2019) ("[B]ecause the provision of medical care cannot be distinguished from the provision of food for Eleventh Amendment purposes, Lake [ ] requires a finding of immunity in this case."); Estate of May by and through Myrick v. Fulton Cty., 2020 U.S. Dist. LEXIS 171784, 2020 WL 5541086, at *5 (N.D. Ga. Aug. 13, 2020) (adopting Palmer's reasoning); McRae v. Telfair Cty., CV 318-077, 2020 U.S. Dist. LEXIS 171627, 2020 WL 5608637, at *6 (S.D. Ga. Sep. 18, 2020) ("This Court . . . finds Palmer and Brooks persuasive."); Bivens v. Coffee Cty., No. 5:21-CV-14, 2021 U.S. Dist. LEXIS 138835, 2021 WL 3173598, at *4-5 (S.D. Ga. July 26, 2021) ("The Court is similarly persuaded that it can find no distinction for Eleventh Amendment purposes between a county sheriff feeding county detainees in a county jail and a county sheriff taking care of the medical needs of those same county detainees in that same county jail." (quotation omitted)

Binding Eleventh Circuit precedent requires a finding that Sheriff Hill acts as an arm of the state in providing medical care to county inmates. See Palmer, 291 F. Supp. 3d at 1362; Lake, 840 F.3d at 1343. Accordingly, Sheriff Hill cannot be held liable for those actions, and his motion to dismiss based on Eleventh Amendment immunity should be granted.  See, e.g., Hood v. Lawrence, No. 5:21-CV-64, 2022 U.S. Dist. LEXIS 54279, at *14-15 (S.D. Ga. Mar. 25, 2022); Ravan v. Jackson, No. 5 : 19-CV-161 (TES), 2021 U.S. Dist. LEXIS 66970, at *16 (M.D. Ga. Feb. 2, 2021) ("As Plaintiff's claims are premised on his medical treatment, Defendants Freeman and Jackson were acting as arms of the state and are therefore entitled to Eleventh Amendment immunity in their official capacities."); McRae v. Telfair Cty., No. CV 318-077, 2020 U.S. Dist. LEXIS 171627, at *14 (S.D. Ga. Sep. 18, 2020) ("Protected by Eleventh Amendment sovereign immunity in their official capacities as providers of medical care to inmates, the Sheriff Defendants are entitled to summary judgment.").

### 2.    Sovereign Immunity

Sheriff Hill established in his initial brief that plaintiff's state law claims against him in his official capacity are barred by sovereign immunity.  (Doc. 3-1, pp. 11-13.)   In her response, plaintiff contends that "Georgia has waived the immunity of a County Sheriff from suit by O.C.G.A. § 15-16-24." (Doc. 23-1, p.

(collecting cases)); Iraheta v. Houston Cty., No. 5:21-CV-104, 2022 U.S. Dist. LEXIS 11950, 2022 WL 209273, at *4 (M.D. Ga. Jan. 24, 2022) (similar).

8.)   Plaintiff's contention is misguided.   O.C.G.A. § 15-16-24 establishes the prerequisites for collecting under a sheriff's bond and does not provide a separate source of liability.   Pelka v. Ware Cty., No. CV 516-108, 2017 U.S. Dist. LEXIS 161259, at *15 n.3 (S.D. Ga. Sep. 29, 2017).   There is no legislative enactment in Georgia that waives sovereign immunity under the circumstances alleged in this case.   Therefore, plaintiff's claims against Sheriff Hill in his official capacity are barred by sovereign immunity.

**B.** **Plaintiff's Claims Against Sheriff Hill In His Individual Capacity Are Subject To Dismissal**

      **1.** **Federal Claims Barred By Qualified Immunity**

Sheriff Hill established in his initial brief that plaintiff's Section 1983 supervisory liability claims against him in his individual capacity are barred by qualified immunity because plaintiff fails to allege (1) an underlying constitutional violation by any Sheriff employee, (2) a constitutional violation by Sheriff Hill personally, or (3) any causal connection between any actions of the Sheriff and any constitutional violations in this case.   Additionally, Sheriff Hill established that he is entitled to qualified immunity because plaintiff cannot meet her burden to show a violation of clearly established law.  (Doc. 3-1, pp. 13-20.)

      *a.*     *No Constitutional Violation*

In response, plaintiff does not refute the fact that she does not allege any constitutional violations by any Sheriff employee or by the Sheriff himself.  (Doc.

23-1, pp. 8-13.) It is evident that plaintiff seeks, instead, to establish liability against the Sheriff merely because she contends that he "was responsible for the daily operation of the jail which includes establishing and maintaining policies and procedures for the care and safety of all prisoners." (Doc. 23-1, p. 18.)   However, plaintiff cannot hold the Sheriff liable under Section 1983 based on vicarious liability or respondeat superior.   Amnesty Int'l, USA v. Battle, 559 F.3d 1170, 1180 (11th Cir. 2009).   Moreover, the fact that the Sheriff has policies and procedures is insufficient in and of itself to establish liability.

To establish liability under Section 1983 against Sheriff Hill, plaintiff must allege facts to establish a causal connection between Sheriff Hill's policies and procedures and the alleged violations of plaintiff's constitutional rights.   The necessary causal connection can be established when: (1) a "history of widespread abuse" puts the supervisor on notice of the need to correct the alleged deprivation, and he fails to do so; (2) a supervisor's custom or policy results in deliberate indifference to constitutional rights; or (3) facts support an inference that the supervisor directed subordinates to act unlawfully or knew that subordinates would act unlawfully and failed to stop them from doing so.   Mathews v. Crosby, 480 F.3d 1265, 1271 (11th Cir. 2007).

First, plaintiff does not allege facts to show a "history of widespread abuse" which put Sheriff Hill on notice of a need to correct a known deficiency in any

conditions at the CCJ.  Plaintiff contends that Sheriff Hill "had personal knowledge of the jail deficiencies, that he disregarded the deficiencies, and that the conduct was more than gross negligence."  (Doc. 23-1, p. 13.)  In support, plaintiff attaches to her brief the affidavit of Christine Richardson, who claims she was employed at the Clayton County Jail in 2018 as a nurse and she contends that there were "deficiencies," without identifying what the deficiencies are, as to a "[l]ack of health services for pregnant women."  (Doc. 23-2.)  Plaintiff also attaches a list of 72 federal cases dating back to 2005 that purport to involve "Violations 1983 Civil Rights Act."  (Doc. 23-3.)  Finally, plaintiff attaches a copy of the federal criminal indictment against Sheriff Hill pertaining to the use of a restraint chair.  (Doc. 23-4.)

Plaintiff offers no discussion of the federal cases or the indictment whatsoever and makes no attempt to show how these cases put the Sheriff on notice of any need to correct deficiencies at the CCJ relating to medical care.  (See Doc. 23-1.)  Plaintiff does not show that any of the incidents alleged in the criminal indictment or any of the civil lawsuits resulted in any finding that anyone's constitutional rights have been violated much less in the same or similar manner alleged by plaintiff in this case.  Plaintiff does not cite to any law to support a contention that accusations in an indictment or allegations in a civil lawsuit are sufficient to establish a causal connection or history of widespread abuse.  Because

none of the cases cited by plaintiff have resulted in any finding or determination that anyone's constitutional rights have been violated, they are insufficient to establish a "pattern of similar constitutional violations." See, e.g., Watkins v. Willson, 824 F. App'x 938, 941 (11th Cir. 2020) ("a plaintiff ordinarily must show *a pattern of similar constitutional violations* by untrained employees because [w]ithout notice that a course of training is deficient in a particular respect, decisionmakers can hardly be said to have deliberately chosen a training program that will cause violations of constitutional rights.") (emphasis added).

As for the affidavit of Christine Richardson, this vague and conclusory affidavit is insufficient to establish a "history of widespread abuse" for purposes of supervisory liability. Ms. Richardson does not identify any prior instances in which a pregnant woman had requested medical care at the CCJ and was denied same by the medical provider or anyone, let alone any prior instances where a pregnant woman at the CCJ had complications due to the medical care provided at the CCJ. (See Doc. 23-2.)  Nor does she set forth a pattern of constitutional violations. Watkins, 824 F. App'x at 941.  The affidavit of Ms. Richardson is conclusory, offers nothing of substance, and is insufficient to establish supervisory liability. See Smith v. Owens, No. 14-14039, 2015 WL 4281241, at *3 (11th Cir. July 16, 2015) (finding conclusory allegation of improper custom resulting in deliberate indifference insufficient to state a claim); McClendon v. City of

Sumiton, Ala., No. 2:14-CV-00150-AKK, 2015 WL 2354187, at *3 (N.D. Ala. May 15, 2015) ("[C]onclusory allegations are insufficient to support a claim…for deliberate indifference, ratification, or purported 'custom and policy liability.'").

Finally, plaintiff contends that "[t]he denial of medical care by Defendant Sheriff Victor Hill was [d]eliberate [i]ndifference."   (Doc. 23-1, pp. 16-17.) However, plaintiff cannot establish supervisory liability under Section 1983 based on her isolated experience.  At best, plaintiff has alleged an isolated occurrence which is insufficient to show that Sheriff Hill had actual or constructive notice of a flagrant, persistent pattern of violations stemming from any conditions of confinement at the CCJ.  Harris v. Goderick, 608 F. App'x 760, 763 (11th Cir. 2015) ("[A] single isolated incident is insufficient to establish a custom or policy under § 1983."); Depew v. City of St. Marys, 787 F.2d 1496, 1499 (11th Cir. 1986) ("[R]andom acts or isolated incidents are insufficient to establish a custom or policy."); Hawk v. Klaetsch, 522 Fed. Appx. 733 (11th Cir. 2013) ("We fail to see how three incidents over the span of nearly five years can constitute frequent, widespread, or rampant abuse."); Braddy v. Florida Dep't of Labor & Employment Sec., 133 F.3d 797, 802 (11th Cir. 1998) ("The deprivations that constitute widespread abuse sufficient to notify the supervising official must be obvious, flagrant, rampant, and of continued duration, rather than isolated occurrences.").

Therefore, plaintiff's Section 1983 claims against Sheriff Hill are barred by qualified immunity.  See Faulkner v. Monroe Cnty. Sheriff's Dep't, 523 F. App'x 696, 701 (11th Cir. 2013) (finding that the plaintiff's claim based on the theory of supervisory liability was subject to dismissal because the plaintiff did not establish a causal connection between the defendant's actions and the alleged constitutional deprivation).

### b.  *No Violation of Clearly Established Law*

Additionally, the Sheriff is entitled to qualified immunity because plaintiff has failed to meet her burden of showing a violation of clearly established law. Crosby v. Monroe Cnty., 394 F.3d 1328, 1332 (11th Cir. 2004).  In 2017, the Supreme Court observed:

> Today, it is again necessary to reiterate the longstanding principle that "clearly established law" should not be defined at a high level of generality. As this Court explained decades ago, the clearly established law must be "particularized" to the facts of the case. Otherwise, plaintiffs would be able to convert the rule of qualified immunity into a rule of virtually unqualified liability simply by alleging violation of extremely abstract rights.

White v. Pauly, 137 S. Ct. 548, 552 (2017).

Even if plaintiff's complaint alleges sufficient facts to establish a constitutional violation, Sheriff Hill is still entitled to qualified immunity because he did not violate clearly established law.  In her response, plaintiff fails to cite any cases that remotely resemble the allegations of the case at bar, which involve the

- 14 -

level of medical care provided to an inmate at a jail and a plaintiff's attempt to hold a sheriff liable for same.  (<u>See</u> Doc. 23-1, pp. 8-13.)  Plaintiff has not cited one case to show that the Sheriff can be liable, individually, for the level of medical care provided by the medical provider at the CCJ.  Therefore, plaintiff's cited cases are each inapposite and plaintiff fails to meet her burden to overcome the Sheriff's qualified immunity.

Plaintiff also cites repeatedly to <u>Hope v. Pelzer</u>, 536 U.S. 730 (2002) as clearly establishing the law for purposes of this case.  (Doc. 23-1, pp. 8-10.)  However, in <u>Hope</u>, a prisoner was tied to a hitching post for seven hours in the heat without bathroom breaks and with prolonged thirst and taunting.  The allegations in plaintiff's complaint do not remotely resemble the facts in <u>Hope</u>.  Additionally, plaintiff blatantly disregards <u>White</u>, 137 S. Ct. at 552, wherein the Supreme Court explained that federal courts that have relied on broad cases (like <u>Tennessee v. Garner</u>), instead of identifying a prior case with similar circumstances, have "misunderstood" the "clearly established" analysis.  The Eleventh Circuit recently repeated this important principle in <u>Gaines v. Wardynski</u>, 871 F.3d 1203, 1207 (11th Cir. 2017), wherein the Eleventh Circuit reversed a district court for defining "clearly established law" at too high a level of generality.

In sum, this is not a case where the Sheriff, individually, knew of the need for medical care to a plaintiff and intentionally refused to provide same. <u>See, e.g.</u>,

<u>Adams v. Poag</u>, 61 F.3d 1537, 1543-44 (11th Cir. 1995) ("Our cases have consistently held that knowledge of the need for medical care and an intentional refusal to provide that care constitutes deliberate indifference."). Nor is this a case where the Sheriff, individually, knew of a need for care to plaintiff and failed to provide same, delayed same, or needlessly caused plaintiff to suffer.  <u>See, e.g.</u>, <u>McElligott v. Foley</u>, 182 F.3d 1248, 1257 (11th Cir. 1999). Plaintiff alleges no personal involvement by the Sheriff whatsoever.  (Doc. 1.)  Plaintiff does not cite to any controlling authority or robust consensus of cases of persuasive authority putting the Sheriff on notice that he violated the constitution with respect to any of his policies or the level of medical care provided at the CCJ through its medical provider, CorrectHealth.  As the burden is on plaintiff to show the right she seeks to vindicate was clearly established, plaintiff's failure to meet her burden bars her claims against the Sheriff.

### 2.    State Law Barred By Official Immunity

Finally, in his initial brief, Sheriff Hill established that plaintiff's state law claims against him in his individual capacity are barred by official immunity because the complaint allegations establish that he was at all times performing discretionary functions without actual malice.  (Doc. 3-1, pp. 20-23.)    In her response, plaintiff does not dispute that Sheriff Hill was performing discretionary functions and does not dispute that the complaint sets forth no factual allegations

showing actual malice.  (Doc. 23-1, pp. 14-16.)  Rather, plaintiff contends that the

Sheriff is somehow liable under O.C.G.A. § 15-6-24 and further contends that the

care of inmates is addressed in O.C.G.A. § 15-16-10.  (Doc. 23-1, pp. 14-15 and

19-21.)   As stated above, O.C.G.A. § 15-16-24 establishes the prerequisites for

collecting under a sheriff's bond and does not provide a separate source of liability.

Pelka, 2017 U.S. Dist. LEXIS 161259, at *15 n.3.   O.C.G.A. § 15-16-10(c)

provides:

> In all counties of this state having a population of not less
> than 625,000 nor more than 725,000 according to the
> United States decennial census of 2000 or any future
> such census, it shall be the duty of the sheriffs of such
> counties to receive, confine, feed, and care for all persons
> charged with the violation of any ordinances of such
> counties in the same manner as persons charged with an
> indictable offense, whether such person charged with the
> violation of an ordinance is being held pending a hearing
> before the recorder's courts of such counties or has been
> sentenced by the recorder's courts to imprisonment in the
> county jail.

However, nothing in either O.C.G.A. § 15-6-24 or O.C.G.A. § 15-16-10 has any

bearing whatsoever on Sheriff Hill's official immunity.  Plaintiff's contentions are

without merit.  Jackson v. Payne, 326 Ga. App. 536, 539 n.2, 757 S.E.2d 164, 166

(2014) (granting official immunity and finding that "Payne's argument that

liability can be imposed on Sheriff Jackson based upon OCGA § 15-16-24 (2) is

without merit.").

Plaintiff is targeting the Sheriff based on his responsibility in the supervision of the CCJ and his policies.  (Doc. 1, p. 3 and ¶¶ 31-33, 35, 37, 39, 42, and 44.) Plaintiff even states in her response that "Sheriff Victor Hill was responsible for the daily operation of the jail which includes establishing and maintaining policies and procedures for the care and safety of all prisoners."  (Doc. 23-1, p. 18.)  As set forth in his initial brief, it is well-settled, however, that these functions are discretionary in nature.  "Employment decisions, including the…supervision of employees, necessarily require consideration of numerous factors and the exercise of deliberation and judgment. They are therefore precisely the types of administrative action the discretionary function exception seeks to shield from judicial second-guessing." Doss v. City of Savannah, 290 Ga. App. 670, 675, 660 S.E.2d 457, 462 (2008); Taylor v. Campbell, 320 Ga. App. 362, 739 S.E.2d 801 (2013) (finding that Sergeant with county sheriff's department performed a "discretionary function," as opposed to a "ministerial function," in supervising detention officers);  Russell v. Barrett, 296 Ga. App. 114, 120, 673 S.E.2d 623, 629 (2009) (finding that Sheriff was entitled to official immunity, recognizing that the operation of a police department, including the degree of training and supervision to be provided its officers, is a discretionary governmental function).

Because Sheriff Hill was at all times performing discretionary functions, and plaintiff fails to allege any facts establishing actual malice, Sheriff Hill is entitled

to official immunity as to all of plaintiff's state law claims against him in his individual capacity.

## C.   Punitive Damages And Attorney's Fees Claims Subject To Dismissal

As established in his initial brief, Sheriff Hill in his official capacity is immune from punitive damages.  See City of Newport v. Fact Concerts, Inc., 453 U.S. 247, 259-60 (1981); Metro. Atlanta Rapid Transit Auth. v. Boswell, 261 Ga. 427, 428, 405 S.E.2d 869, 870 (1991); City of Columbus v. Myszka, 246 Ga. 571, 573, 272 S.E.2d 302, 303 (1980).  Plaintiff offers no opposition to this argument. (Doc. 23-1, pp. 21-22.)

Sheriff Hill also established that there are no factual allegations in the complaint of "willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care which would raise the presumption of conscious indifference to consequences" or bad faith or stubborn litigiousness to justify an award of punitive damages or attorney's fees under Georgia law.  See O.C.G.A. § 15-12-5.1.  Nor are there any factual allegations of "malice" or "reckless indifference" to plaintiff's federally protected rights that would justify an award of punitive damages against defendants under federal law. See Kolstad v. Am. Dental Ass'n, 527 U.S. 526, 535 (1999) (stating that "malice or . . . reckless indifference to the [plaintiff's] federally protected rights" justifies an award of punitive damages under Section 1983); Reynolds v. CSX Transportation, Inc., 115 F.3d 860, 869 (11th Cir. 1997).

Plaintiff fails refute these deficiencies in her responses as well.  (Doc. 23-1, pp. 21-22.)  Therefore, Sheriff Hill is entitled to dismissal of plaintiff's claims for punitive damages and attorney's fees.

### III.   <u>CONCLUSION</u>

As shown above, and in Sheriff Hill's initial briefing, plaintiff's complaint against Sheriff Hill should be dismissed.

**FREEMAN MATHIS & GARY, LLP**

*/s/ A. Ali Sabzevari*
Jack R. Hancock
Georgia Bar No. 322450
jhancock@fmglaw.com
A. Ali Sabzevari
Georgia Bar No. 941527
asabzevari@fmglaw.com

661 Forest Parkway, Suite E
Forest Park, Georgia 30297
(404) 366-1000 (telephone)
(404) 361-3223 (facsimile)

Attorneys for Defendants Clayton County, Clayton County Board of Commissioners, and Clayton County Sheriff Victor Hill

## <u>CERTIFICATE OF COMPLIANCE</u>

I hereby certify, pursuant to Local Rule 7.1(D), that the foregoing memorandum of law has been prepared in accordance with Local Rule 5.1(C) (Times New Roman font, 14 point).

This 14th day of April, 2022.

**FREEMAN MATHIS & GARY, LLP**

*/s/ A. Ali Sabzevari*
A. Ali Sabzevari
Georgia Bar No. 941527
asabzevari@fmglaw.com

661 Forest Parkway, Suite E
Forest Park, Georgia 30297
(404) 366-1000 (telephone)
(404) 361-3223 (facsimile)

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have served the foregoing **DEFENDANT SHERIFF VICTOR HILL'S REPLY TO PLAINTIFF'S OBJECTION TO MOTION TO DISMISS** to the Clerk of Court using the CM/ECF system which will automatically send electronic mail notification of such filing to counsel of record:

Mitchell L. Albert III
Albert III & Associates LLC
3330 Cumberland Blvd.
Suite 500
Atlanta, GA 30339
Mitchell.albert@aiiiaa.com

This 14th day of April, 2022.

**FREEMAN MATHIS & GARY, LLP**

*/s/ A. Ali Sabzevari*
A. Ali Sabzevari
Georgia Bar No. 941527
asabzevari@fmglaw.com

661 Forest Parkway, Suite E
Forest Park, Georgia 30297
(404) 366-1000 (telephone)
(404) 361-3223 (facsimile)