IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

TIANA HILL, individually and as
mother and next friend of D.H.,

    Plaintiff,

    v.

CLAYTON COUNTY, GEORGIA, et al.,

    Defendants.

CIVIL ACTION FILE
NO. 1:21-CV-5300-TWT

OPINION AND ORDER

This is a civil rights action. It is before the Court on the Defendants' Motion to Dismiss [Doc. 3]. For the reasons set forth below, the Defendants' Motion to Dismiss [Doc. 3] is GRANTED.

## I. Background

This case arises out of a tragedy. The Plaintiff, Tiana Hill, alleges that she was a pregnant inmate at Clayton County Jail ("the Jail") in December 2019. (Compl. ¶¶ 13–14.) On December 29, 2019, Hill alleges that she went into labor in her cell and that jail staff failed to immediately take her to the infirmary. (*Id.* ¶¶ 17–20.) Ultimately, Hill gave birth in the jail infirmary the following day. (*Id.* ¶ 23.) Tragically, the baby, D.H., died on January 3, 2020. (*Id.* ¶ 25.) The Plaintiff alleges that D.H.'s death resulted from the Jail staff's misdiagnosis and delay in managing her labor. (*Id.*) As a result, Hill now brings constitutional and state law claims against Clayton County ("the County"), Clayton County Sheriff Victor Hill, the Clayton County Board of

Commissioners ("the Board"), CorrectHealth Clayton, LLC ("CorrectHealth"), and Dr. Charles Clopton. (*Id.* ¶¶ 3–7.) The County, the Board, and Sheriff Hill (collectively, "the County Defendants") now seek the dismissal of the Plaintiff's claims against them.

## II.   Legal Standard

A complaint should be dismissed under Rule 12(b)(6) only where it appears that the facts alleged fail to state a "plausible" claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); Fed. R. Civ. P. 12(b)(6). A complaint may survive a motion to dismiss for failure to state a claim, however, even if it is "improbable" that a plaintiff would be able to prove those facts; even if the possibility of recovery is extremely "remote and unlikely." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). In ruling on a motion to dismiss, the court must accept the facts pleaded in the complaint as true and construe them in the light most favorable to the plaintiff. *See Quality Foods de Centro Am., S.A. v. Latin Am. Agribusiness Dev. Corp., S.A.*, 711 F.2d 989, 994–95 (11th Cir. 1983); *see also Sanjuan v. Am. Bd. of Psychiatry & Neurology, Inc.*, 40 F.3d 247, 251 (7th Cir. 1994) (noting that at the pleading stage, the plaintiff "receives the benefit of imagination"). Generally, notice pleading is all that is required for a valid complaint. *See Lombard's, Inc. v. Prince Mfg., Inc.*, 753 F.2d 974, 975 (11th Cir. 1985), *cert. denied*, 474 U.S. 1082 (1986). Under notice pleading, the plaintiff need only give the defendant fair notice of the plaintiff's claim and the grounds upon which it rests. *See Erickson v. Pardus*, 551 U.S.

89, 93 (2007) (citing *Twombly*, 550 U.S. at 555).

### III. Discussion

The Plaintiff's Complaint runs afoul of the Eleventh Circuit's prohibition on shotgun pleadings. "A shotgun pleading is a complaint that violates either Federal Rule of Civil Procedure 8(a)(2) or Rule 10(b), or both." *Barmapov v. Amuial*, 986 F.3d 1321, 1324 (11th Cir. 2021). These Rules benefit not only a plaintiff's adversary in discerning the claims made against him, but also the Court, "which must be able to determine which facts support which claims, whether the plaintiff has stated any claims upon which relief can be granted, and whether evidence introduced at trial is relevant." *Id.* (quotation marks omitted). While litigants bear responsibility in weeding out these prohibited pleadings, the Eleventh Circuit has "repeatedly emphasized district courts' duty to define the issues at the earliest stages of litigation by ordering the repleading of a shotgun complaint." *Id.* at 1328 (Tjoflat, J., concurring) (quotation marks omitted).

There are four types of shotgun pleadings, two of which are relevant here: "a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint[;]" and "a complaint that asserts multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought

3

against." *Id.* at 1325 (quotation marks and alterations omitted). The Complaint's counts each incorporate all preceding paragraphs, clearly falling within the first category of shotgun complaints. Most significantly, the Complaint's structure renders the specific allegations against each Defendant unclear. The Complaint begins with a preamble outlining the claims against the Defendants, specifying the claims brought against specific Defendants. (Compl. at 1–3.) However, each of the Complaint's counts include all Defendants as liable for each claim. This contradiction between the preamble and the counts makes it unclear which claims apply to specific Defendants. Further muddying the Plaintiff's claims is her failure to outline the elements of each alleged offense. Each count contains one paragraph incorporating the preceding paragraphs and one paragraph stating in a conclusory fashion that all Defendants are liable for the particular claim. (*See, e.g.*, Compl. ¶¶ 29–35.) While the County Defendants do not specifically argue that the Complaint violates shotgun pleading rules, they repeatedly fault the Plaintiff for failing to allege that any specific, non-fictitious County employee violated her constitutional rights. (County Defs.' Br. in Supp. of County Defs. Mot. to Dismiss, at 6–7, 14–15.) Such deficiencies would be best addressed by the Plaintiff repleading her Complaint in compliance with Federal Rules of Civil Procedure 8(a)(2) and 10(b). Because the Complaint is an improper shotgun pleading, the Plaintiff's claims are dismissed without prejudice, and the Plaintiff may file an Amended Complaint within 14 days of this Order.

## IV. Conclusion

For the reasons set forth above, the County Defendants' Motion to Dismiss [Doc. 3] is GRANTED. The Plaintiff's claims against the County Defendants are dismissed without prejudice. The Plaintiff may file an Amended Complaint within 14 days of this Order.

SO ORDERED, this   2nd   day of August, 2022.

_____
THOMAS W. THRASH, JR.
United States District Judge