IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

TIANA HILL,

    Plaintiff,

      v.

CLAYTON COUNTY, GA, et al.,

    Defendants.

CIVIL ACTION FILE
NO. 1:21-CV-5300-TWT

# ORDER

This is a civil rights action arising out of the Plaintiff's incarceration at the Clayton County Jail. It is before the Court on the Motion to Enforce Settlement [Doc. 80] of the Defendants Clayton County and Victor Hill. On December 13, 2022, Plaintiff and Defendants CorrectHealth Clayton, LLC and Dr. Charles Clopton (the "CorrectHealth Defendants") mediated this case and reached a settlement. As part of the Confidential Settlement Agreement entered on December 13, 2022 (the "Confidential Settlement Agreement"), Plaintiff was required to amend the complaint in this Action to reflect the dismissal of "all medical and medical-related (including mental health) claims involving Tiana Hill and her minor child, Damir Hill, including the wrongful death of Damir Hill." Plaintiff also agreed that she is "not further pursuing any medical claims or any vicarious liability claims of any kind derived from the delivery of medical care against the remaining parties in this case,

including the Sheriff, deputies, correctional officers, Clayton County and its employees, etc., to include allegations of violation of civil rights based upon delivery of medical care against the remaining parties in this case." Plaintiff specifically agreed to "amend the Complaint in the Action to reflect the dismissal of such claims." On March 6, 2023, Plaintiff filed an amended complaint (the "Amended Complaint"). The Defendants contend that the Amended Complaint does not comply with the terms of the Confidential Settlement Agreement. The Defendants now file this motion to enforce the settlement. The former Defendants CorrectHealth Clayton LLC and Dr. Charles Clopton also join in the motion. The Defendants seek an order requiring the Plaintiff to file another amended complaint to remove: (1) all medical and medical-related (including mental health) claims, and (2) all medical claims of any kind derived from the delivery of medical care against Defendants, to include allegations of violation of civil rights based upon delivery of medical care against Defendants.

    A district court has jurisdiction to enforce settlement agreements when one party refuses to abide by the agreement prior to dismissal of the action. *Kent v. Baker*, 815 F.2d 1395, 1396 (11th Cir. 1987). As part of the Confidential Settlement Agreement, Plaintiff agreed that the "Settlement Agreement resolves all medical and medical-related (including mental health) claims involving Tiana Hill and her minor, child Damir Hill, including the wrongful death of Damir Hill." Plaintiff also agreed that she is "not further pursuing any

medical claims or any vicarious liability claims of any kind derived from the delivery of medical care against the remaining parties in this case, including the Sheriff, deputies, correctional officers, Clayton County and its employees, etc., to include allegations of violation of civil rights based upon delivery of medical care against the remaining parties in this case." Finally, Plaintiff agreed to "amend the Complaint in the Action to reflect the dismissal of such claims." The Defendants Clayton County and Victor Hill are clearly third prty beneficiaries of the Settlement Agreement. In any event, the former Defendants have standing to enforce the agreement. Had Plaintiff and CorrectHealth intended to allow claims relating to the "non-delivery of medical care" to remain in the lawsuit, they would have said so. But that was not the intent and certainly CorrectHealth would not have agreed to that. This is because CorrectHealth was the medical provider at the Clayton County Jail at the time of the subject incident and any claims for non-delivery of medical care would create indemnification and liability issues for CorrectHealth. Plaintiff agreed to dismiss and release all of her "medical-related" claims in this action. This is language Plaintiff chose and agreed upon as part of the settlement.

The Motion to Enforce Settlement [Doc. 80] of the Defendants Clayton County and Victor Hill is GRANTED. The Plaintiff is ordered to comply with Section 1.2 of the Confidential Settlement Agreement by filing another amended complaint within 14 days from the date of this Order removing: (1) medical and medical-related (including mental health) claims, and (2) all

3

medical claims of any kind derived from the delivery of medical care against Defendants, to include allegations of violation of civil rights based upon delivery of medical care against Defendants.

SO ORDERED, this <u>  3rd  </u> day of August, 2023.

*[signature: Thomas W. Thrash]*

THOMAS W. THRASH, JR.
United States District Judge