IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

TIANA HILL,

    Plaintiff,

    v.

CLAYTON COUNTY, GA, et al.,

    Defendants.

CIVIL ACTION FILE
NO. 1:21-CV-5300-TWT

## OPINION AND ORDER

This is a civil rights action. It is before the Court on the Plaintiff Tiana Hill's Motion for Reconsideration [Doc. 102] and the Plaintiff's Motion to Set Aside Order/Judgment [Doc. 104]. For the reasons set forth below, the Motion for Reconsideration [Doc. 102] is DENIED and the Motion to Set Aside Order/Judgment [Doc. 104] is DENIED as moot.

### I. Background

In December 2022, the Court granted a Motion to Dismiss [Doc. 48] filed by former defendants Charles Clopton and CorrectHealth Clayton, LLC. In the same Order, the Court granted in part and denied in part a Motion to Dismiss [Doc. 49] by Defendants Clayton County Board of Commissioners, Clayton County, and Victor Hill. Shortly thereafter, the Plaintiff settled her claims against Clopton and CorrectHealth in a confidential settlement agreement and moved to dismiss both defendants with prejudice. The Court granted the Plaintiff's Motions to Dismiss and dismissed Clopton and CorrectHealth from

this action with prejudice.

In March 2023, Defendants Clayton County and Victor Hill moved to enforce the settlement agreement between the Plaintiff and former defendants Clopton and CorrectHealth. [Doc. 80]. The Court granted the Motion to Enforce on August 3, 2023, ordering the Plaintiff to file an amended complaint that complied with the terms of the settlement agreement within 14 days. [Doc. 101]. The Plaintiff filed the Motion for Reconsideration of that Order that is presently before the Court. [Doc. 102]. The Plaintiff then filed a Motion to Set Aside the Order granting the Motion to Enforce, which is likewise before the Court. [Doc. 104]. Before the Court could consider either Motion, the Plaintiff filed a notice of appeal. [Doc. 109].

## II. Legal Standards

Although the Federal Rules of Civil Procedure do not specifically authorize motions for reconsideration, they are common in practice. Local Rule 7.2 states that motions for reconsideration are not to be filed "as a matter of routine practice," but only when "absolutely necessary." LR 7.2(E), NDGa. In particular, a party may move for reconsideration when there is (1) newly discovered evidence, (2) an intervening change in controlling law, or (3) the need to correct clear error or prevent manifest injustice. *See Del. Valley Floral Grp., Inc. v. Shaw Rose Nets, LLC*, 597 F.3d 1374, 1383 (11th Cir. 2010). A manifest error of law is "the wholesale disregard, misapplication, or failure to recognize controlling precedent." *Durden v. State Farm Fire & Cas. Co.*, 2017

WL 3723118, at *6 (N.D. Ga. Aug. 29, 2017) (quotation marks and citation omitted). By contrast, a motion for reconsideration is not a "vehicle to present new arguments or evidence that should have been raised earlier, introduce novel legal theories, or repackage familiar arguments to test whether the Court will change its mind." *Brogdon ex rel. Cline v. Nat'l Healthcare Corp.*, 103 F. Supp. 2d 1322, 1338 (N.D. Ga. 2000).

### III. Discussion

As an initial matter, this Court has jurisdiction to entertain the present motion notwithstanding the Plaintiff's filing of a notice of appeal as to the Court's Order granting the Motion to Enforce Settlement. This is because the Plaintiff's Motion for Reconsideration constitutes a tolling a motion under Fed. R. App. P. (a)(4)(A), and therefore, the notice of appeal will not become effective until entry of the present Order resolving the Plaintiff's Motion for Reconsideration. *See* Fed. R. App. P. (a)(4)(B).

The Plaintiff has not carried her burden of demonstrating that reconsideration is warranted here. She does not present any newly discovered evidence or argue that there has been a change in the controlling law. Instead, the Plaintiff argues that the Court improperly found Clayton County and Clopton to be third-party beneficiaries of the settlement agreement. (Pl.'s Mot. for Recons., at 2-3). But the law is clear that a motion for reconsideration is not a "vehicle to . . . repackage familiar arguments to test whether the Court will change its mind." *Brogdon ex rel. Cline*, 103 F. Supp. 2d at 1338. The Plaintiff

also asserts that the Court's findings about the parties' intent in negotiating the settlement agreement were incorrect, relying on email conversations and redlines of drafts exchanged between the Plaintiff and counsel for CorrectHealth. (*Id.* at 4-9). Given the merger clause in the settlement agreement and parol evidence considerations, even assuming the Court could properly evaluate these documents to determine the parties' intent, this evidence is not newly discovered as it was available when the Plaintiff filed her opposition to the Motion to Enforce. *See Del. Valley Floral Grp., Inc.,* 597 F.3d at 1383 (noting that the evidence must not have been "available during the pendency of the motion."). Therefore, the Plaintiff's Motion for Reconsideration [Doc. 102] should be denied.

## IV. Conclusion

For the foregoing reasons, the Plaintiff's Motion for Reconsideration [Doc. 102] is DENIED. On that basis, the Plaintiff's Motion to Set Aside Order/Judgment [Doc. 104] is DENIED as moot.

SO ORDERED, this ___25th___ day of October, 2023.

THOMAS W. THRASH, JR.
United States District Judge