IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

TIANA HILL,

    Plaintiff,

    v.

CLAYTON COUNTY, GA, et al.,

    Defendants.

CIVIL ACTION FILE
NO. 1:21-CV-5300-TWT

## OPINION AND ORDER

This is a civil rights action. It is before the Court on Defendant Clayton County's Motion to Dismiss [Doc. 133] and Motion to Stay All Discovery [Doc. 134] as well as Defendant Victor Hill's Motion to Dismiss [Doc. 135]. For the reasons set forth below, the Court GRANTS Defendant Clayton County's Motion to Dismiss [Doc. 133], DENIES as moot Defendant Clayton County's Motion to Stay All Discovery [Doc. 134], and GRANTS Defendant Victor Hill's Motion to Dismiss [Doc. 135].

### I. Background[1]

Beginning in September 2019, Plaintiff Tiana Hill was allegedly detained at the Clayton County Jail ("Jail") for a violation of probation and for

---

[1] The Court accepts the facts as alleged in the Third Amended Complaint as true for purposes of the present Motion to Dismiss. *Wilding v. DNC Servs. Corp.*, 941 F.3d 1116, 1122 (11th Cir. 2019).

a pending criminal charge. (3d Am. Compl.[2] ¶ 22.) Upon admission to the Jail, Hill informed the Jail staff that she was pregnant, and that fact was subsequently noted on her intake documentation. (*Id.* ¶¶ 23–25.) Hill claims that, on numerous occasions between September and December 2019, she asked for relief or release due to her pregnancy but her requests were denied. (*Id.* ¶¶ 25–28.)

Hill claims that, on December 28, 2019, she informed the Jail's staff that she was pregnant, bleeding vaginally, and required relief or release. (*Id.* ¶ 29.) The Jail staff rejected her request. (*Id.* ¶ 30.) Hill continued to bleed and allegedly went into labor in her cell the next day. (*Id.* ¶ 31.) Although she pleaded for relief or release, the Jail staff allegedly denied the fact of her pregnancy and instructed her to return to her cell without further care. (*Id.* ¶¶ 32–33.) After thirteen hours of labor, Hill ultimately gave birth in the Jail. (*Id.* ¶¶ 44–45.) Tragically, her baby died on January 3, 2020. (*Id.* ¶ 46.)

Hill filed suit against Clayton County, the Clayton County Board of Commissioners ("Clayton County Board"), Clayton County Sheriff Victor Hill ("Sheriff Hill"), CorrectHealth Clayton, LLC ("CorrectHealth"), Dr. Charles Clopton, and various unnamed "John Doe" Defendants. The Court thereafter granted in part and denied in part motions to dismiss, one filed by the "County Defendants" (Clayton County, the Clayton County Board, and Sheriff Hill) and

---

[2] The amendment is formally titled "Clayton County Defendants Amended Complaint."

one by the "Medical Defendants" (CorrectHealth and Clopton). (*See generally* Dec. 9, 2022, Op. & Order [Doc. 65].) Following the Court's Order, the only remaining causes of action were Plaintiff Hill's (1) § 1983 claims under the Eighth and Fourteenth Amendments against Clayton County and Sheriff Hill in his individual capacity; and (2) state law claims against CorrectHealth and Clopton. Hill's request for punitive damages against Sheriff Hill in his individual capacity and her request for attorney's fees also survived.

Plaintiff Hill later settled her claims against CorrectHealth and Clopton in a confidential settlement agreement and moved to dismiss both Defendants with prejudice. The Court granted Hill's Motion to Dismiss and dismissed CorrectHealth and Clopton from this action with prejudice. As part of the settlement agreement, Hill agreed to "not further pursu[e] any medical claims or any vicarious liability claims of any kind derived from the delivery of medical care against the remaining parties in this case, including the Sheriff, deputies, correctional officers, Clayton County and its employees, etc., to include allegations of violation of civil rights based upon delivery of medical care against the remaining parties in this case." (Defs.' Mot. to Enforce Settlement, Ex. 2 ("Settlement Agreement"), at 2 [Doc. 81-2].) Clayton County and Sheriff Hill subsequently moved to enforce the settlement agreement. (*See generally* Br. in Supp. of Defs.' Mot. to Enforce Settlement [Doc. 80-1].) The Court granted the Motion to Enforce, ordering Hill to file an amended complaint that complied with the terms of the settlement agreement within

3

fourteen days. (*See generally* Aug. 3, 2023, Order [Doc. 101].) Following an unsuccessful appeal to the Eleventh Circuit[3] and unsuccessful motion for reconsideration, Hill filed her Third Amended Complaint as initially directed by this Court. Hill's Third Amended Complaint includes the following causes of action, including those that this Court previously dismissed: (1) a § 1983 claim under the Fourth, Eighth, and Fourteenth Amendments against Clayton County and Sheriff Hill in his official and individual capacities, and (2) state law claims against Clayton County and Sheriff Hil in his official and individual capacities.

Now, Clayton County, the Clayton County Board, and Sheriff Hill seek to dismiss the Third Amended Complaint. They argue that all previously dismissed claims should be dismissed once again and that all other claims should be dismissed as foreclosed by the settlement agreement.

## II.   Legal Standard

A complaint should be dismissed under Rule 12(b)(6) only where it appears that the facts alleged fail to state a "plausible" claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); Fed. R. Civ. P. 12(b)(6). A complaint may survive a motion to dismiss for failure to state a claim, however, even if it is "improbable" that a plaintiff would be able to prove those facts; even if the

---

[3] The Eleventh Circuit dismissed the appeal for lack of jurisdiction, finding this Court's Order enforcing the settlement agreement "not final for purposes of [ ] appellate jurisdiction." *Hill v. Clayton County*, 2025 WL 1445546, at *2 (11th Cir. May 20, 2025).

possibility of recovery is extremely "remote and unlikely." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). In ruling on a motion to dismiss, the court must accept the facts pleaded in the complaint as true and construe them in the light most favorable to the plaintiff. *See Quality Foods de Centro Am., S.A. v. Latin Am. Agribusiness Dev. Corp., S.A.*, 711 F.2d 989, 994-95 (11th Cir. 1983); *see also Sanjuan v. Am. Bd. of Psychiatry & Neurology, Inc.*, 40 F.3d 247, 251 (7th Cir. 1994) (noting that at the pleading stage, the plaintiff "receives the benefit of imagination"). Generally, notice pleading is all that is required for a valid complaint. *See Lombard's, Inc. v. Prince Mfg., Inc.*, 753 F.2d 974, 975 (11th Cir. 1985). Under notice pleading, the plaintiff need only give the defendant fair notice of the plaintiff's claim and the grounds upon which it rests. *See Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citing *Twombly*, 550 U.S. at 555).

### III. Discussion

As an initial matter, the Court dismisses all counts previously pleaded and dismissed for the same reasons described in its prior Order.[4] (*See generally* Dec. 9, 2022, Op. & Order.) These claims include Plaintiff Hill's (1) Eighth and Fourteenth Amendment § 1983 claims against Sheriff Hill in his official capacity (Counts I–III); (2) Fourth Amendment § 1983 claim

---

[4] Hill realleged these counts based on the erroneous assumption that "[a]ll previous claims . . . would be abandoned had she not made them in her amended complaint." (*See* Pl.'s Resp. Br. in Opp'n to Def. Clayton County's Mot. to Dismiss, at 10.)

5

against all Defendants (Counts I–II); (3) state law claims against Clayton County and Sheriff Hill in his official and individual capacities (Counts V–VII); and (4) request for punitive damages against Clayton County and Sheriff Hill in his official capacity (Count VIII). The only remaining counts are Hill's (1) Eighth and Fourteenth Amendment § 1983 claims against Clayton County and Sheriff Hill in his individual capacity (Count I, III, IV) and (2) request for punitive damages against Sheriff Hill in his individual capacity.

Regarding the remaining § 1983 claims (Counts I, III, IV), the Court hereby dismisses them as precluded by the settlement agreement reached between Plaintiff Hill and Defendants CorrectHealth and Clopton. The Court begins with a review of the key provisions in the agreement. It requires Hill to "amend the Complaint in this Action to reflect the dismissal" of "*all medical and medical-related (including mental health) claims* involving Tiania Hill and her minor child, Damir Hill, including the wrongful death of Death of Damir Hill." (Settlement Agreement, at 2 (emphasis added).) Hill also agreed to "not further pursu[e] any medical claims or any vicarious liability claims of any kind derived from the delivery of medical care against the remaining parties in this case, *including the Sheriff, deputies, correctional officers, Clayton County and its employees, etc., to include allegations of violation of civil rights based upon delivery of medical care against the remaining parties in this case.*" (*Id.* (emphasis added).)

Hill asserts that this settlement language does not preclude her remaining § 1983 claims because her allegations concern cruel and unusual punishment rather than inadequate medical care. (Pl.'s Resp. Br. in Opp'n to Def. Clayton County's Mot. to Dismiss, at 5.) According to Hill, "deliberate indifference to the denial of medical care and deliberate indifference to cruel and unusual punishment are distinct", and the settlement agreement precludes only claims of the former. (*Id.* at 10.)

Unfortunately, any distinction that Hill attempts to draw here is ineffective. The settlement language is clear: Hill cannot allege "any medical claims . . . of any kind derived from the delivery of medical care" against Clayton County or Sheriff Hill. (Settlement Agreement, at 2.) The heart of her remaining § 1983 claims is the denial and inadequate delivery of medical care. She cannot escape this fact by merely relabeling "medical care" as "relief or release" or relabeling "denial of medical care" as "cruel and unusual punishment."[5] Hill's requests for "relief or release" due to pregnancy and labor certainly qualify as requests for medical-related care. And, as Hill herself acknowledges, deliberate indifference to medical need is simply one type of

---

[5] In fact, the Third Amended Complaint reflects a hasty attempt to merely remove and replace references to "medical care"—sometimes to a nonsensical result. (*Compare, e.g.*, 2d Am. Compl. ¶ 91 ("The Clayton County Jail denied Ms. Hill medical care to her and Baby D.H.") *and id.* ¶ 128 ("The basis of the lawsuit was an alleged lack of medical care to the plaintiff."), *with* 3d Am. Compl. ¶ 88 ("The Clayton County Jail denied Ms. Hill disregard for risk or harm to her and Baby D.H.") *and id.* ¶ 124 ("The basis of the lawsuit was an alleged lack of disregard for risk or harm to the plaintiff.").

Eighth Amendment violation for cruel and unusual punishment. (*See* Pl.'s Resp. Br. in Opp'n to Def. Clayton County's Mot. to Dismiss, at 12; *see also id.* at 13 ("The Eighth Amendment . . . prohibits cruel and unusual punishments, which encompasses . . . medical care. . . . [and] conditions of confinement, excessive force, and other forms of treatment that impose unnecessary and wanton infliction of pain.").) And the Court notes that the Third Amended Complaint does not allege any new or otherwise non-medical-related claims. Therefore, because her remaining § 1983 claims concern the denial of medical care to Hill and her baby against Clayton County and Sheriff Hill, the Court is required to dismiss these claims.[6] The Court is sympathetic to Hill and all that she allegedly suffered, but she agreed to this restrictive settlement language—whether or not she fully grasped its scope.

Regarding Hill's remaining request for punitive damages (Count VIII), the Court hereby dismisses that count because Plaintiff Hill has no surviving substantive cause of action to support such a request. Therefore, the Court grants the Defendants' Motions to Dismiss and denies as moot Defendant Clayton County's Motion to Stay All Discovery.

---

[6] The Defendants made several additional arguments regarding the dismissal of these claims (e.g., failure to comply with a court order, shotgun pleading grounds), but the Court need not reach those arguments due to dismissal on independent grounds. (*See* Br. in Supp. of Def. Hill's Mot. to Dismiss, at 9–14 [Doc. 135-1].)

## IV. Conclusion

For the reasons set forth above, the Court GRANTS Defendant Clayton County's Motion to Dismiss [Doc. 133], DENIES as moot Defendant Clayton County's Motion to Stay All Discovery [Doc. 134], and GRANTS Defendant Victor Hill's Motion to Dismiss [Doc. 135]. The Clerk is DIRECTED to enter final judgment against the Plaintiff and in favor of the Defendants Clayton County and Victor Hill, and to close the case.

SO ORDERED, this   2nd   day of December, 2025.

THOMAS W. THRASH, JR.
United States District Judge